ALDEN *v.* ALDEN

[No. 54, September Term, 1961.]

*Decided November 10, 1961.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Robert J. Dougherty,* for the appellant.

*James D. Nolan,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the chancellor awarding

custody of a five year old child to its mother. It appears that shortly after her marriage in 1951, Mrs. Alden became mentally disturbed and sought psychiatric treatment. The child was born in January, 1956. Two years later, Mrs. Alden voluntarily entered The Sheppard and Enoch Pratt Hospital, where her illness was diagnosed as a type of schizophrenia. She remained there until August, 1958, when she was transferred to Brook Lane Farm, Hagerstown. Mr. Alden took care of the child during this period. In February, 1959, the wife was discharged from Brook Lane Farm, and obtained employment in Pennsylvania. In December, 1959, she moved to Baltimore and has since been employed at the Johns Hopkins Hospital, as a registrar. In May, 1960, Mrs. Alden was granted a divorce *a vinculo* on the ground of desertion. Custody of the child was granted to the father, subject to further order of court. The wife then filed a petition to review, which resulted in the order appealed from.

The appellant contends that the chancellor abused his discretion in changing custody from the father, who had cared for the child for the previous three years, to the mother, who had only had the child on weekend visits. The testimony shows that the child is happy and well adjusted in her father's home, and the appellant argues that it would involve a grave risk to change the custody, citing *Miller v. Miller*, 191 Md. 396.

The chief contention seems to be that the best interests and welfare of the child require that she remain with her father in view of the mother's history of mental illness. The chancellor found, however, that the mother had recovered from her mental illness and was fully capable to care for her child. The testimony supports his findings. His decision was predicated upon his belief that the mother "is making an excellent adjustment, and is settled in this area with a nice apartment, a job at the Johns Hopkins Hospital, and she has friends here." He also mentioned the fact that the husband was contemplating a second marriage (since performed) to a divorcee with two children, and a move to California. He was in a position to evaluate the testimony, and to see and hear the witnesses. We cannot find that he was clearly

wrong. Apart from the possibility of a relapse, there is nothing to suggest that the mother is an unfit person to have custody. Ordinarily, the welfare of a young child, particularly a girl, is best served by awarding custody to the mother. *Miller v. Miller, supra; Oliver v. Oliver,* 217 Md. 222, 228; *Koger v. Koger,* 217 Md. 372, 378; *Parker v. Parker,* 222 Md. 69, 75. We find no abuse of discretion.

*Order affirmed, with costs.*