Clayton R. Curtis, Plaintiff-Appellant, v. Albion-Brown's Post 590 American Legion of Illinois, Melvin Westerfield, et al., and "Unknown Owners," Defendants-Appellees.

Gen. No. 65–3.

Fifth District.

December 20, 1965.

Robert H. Rice, of East St. Louis, for appellant.

Jones, Ottesen & Fleming (Ralph J. Derango, Jr., of counsel), for appellees.

EBERSPACHER, P. J.

Clayton R. Curtis filed a complaint against Albion Brown's Post 590 American Legion of Illinois, Melvin Westerfield, George Weightman, Fred Fiock, Hubert Johnson, Ellis Shaw, Emory Reid, P. M. Williamson, and "Unknown Owners," in the Circuit Court of Edwards County, alleging that they were the owners and operators of a liquor store known as Albion Brown's Post 590 in Albion, County of Edwards and State of Illinois. The complaint alleged that the defendants by and through their duly authorized agents and servants sold alcoholic liquor to one Merrill Weber, which in whole or in part caused him to become intoxicated; and that while so intoxicated, Merrill Weber, while operating a motor vehicle, caused it to violently collide with an automobile being operated by this plaintiff, thereby causing severe injuries to this plaintiff. It was further alleged that the defendants were conducting and transacting business under an assumed name, to wit; Albion Brown's Post 590 American Legion of Illinois, but had failed to file with the County Clerk of Edwards County, in which they were conducting said business, a certificate setting forth the true names of the persons owning or transacting such business and their addresses, as required by sec 4, chapter 96, Ill Rev Stats, 1963. Proceeding under section 8a (ch 96 supra), the plaintiff alleged that the "Unknown Owners" herein were all other persons transacting business under such assumed name in addition to the named defendants.

Defendants filed a limited appearance, a motion to dismiss and to quash service of process, on the grounds that the complaint showed on its face that Albion Brown's Post 590 American Legion of Illinois was being sued as an unincorporated association, that the defendants were joined as defendants as several, but not all, of the members of the Albion Brown's Post 590, that chapter 96, sections 4 through 10, Ill Rev Statutes 1963, did not apply to an unincorporated association, and that the

attempted joinder of the members under the designation of "Unknown Owners" was improper and ineffective to vest jurisdiction over the individual members of the association in the court.

The court found that the Albion Brown's Post 590 American Legion of Illinois, was sued as a voluntary unincorporated association, that it was not a legal entity and that a suit at law for damages could not be maintained against several but not all of its members and the attempted joinder of the members as "Unknown Owners" was ineffective to vest jurisdiction in the court over the association or the individual members. The order concluded by saying:

> "It is therefore ordered, adjudged and decreed that the summonses served in this case upon the aforesaid defendants be quashed and be declared to be of no force and effect. It is further ordered, adjudged and decreed that the complaint filed herein be dismissed, and that the plaintiff be granted leave to file an amended complaint within thirty days."

It is from this order that the plaintiff has appealed, and the record shows that the appeal was filed within eight days from the time that the order was entered.

It is plaintiff's contention that he proceeded properly against the defendants, that service was good, and that the trial judge erred in quashing the summonses and dismissing the complaint. It is defendant's contention that this appeal is not an appeal from a final judgment of the Circuit Court, and should be dismissed and secondly that the trial judge was correct in quashing the summonses and dismissing the complaint.

Article VI, section 7 of the Constitution of Illinois, provides in part as follows:

> "In all cases, other than those appealable directly to the Supreme Court, appeals from final judgments of a circuit court lie as a matter of right to the

Appellate Court in the district in which the circuit court is located."

██ This provision replaces the subject matter formerly covered in chapter 110, section 77 of the Practice Act, said statute being repealed when the trial courts were consolidated into a single trial court. The jurisdictional requirement as to finality of a judgment before review at the appellate level has remained the same. Since the same requirement of finality was contained in sec 91 of the Practice Act of 1907, decisions as to what constitutes "final judgments" under the earlier act would still control.

The leading case in this state on what constitutes a final judgment is that of Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 75 NE 473. In that case the trial court sustained the general demurrer of the defendant to the declaration and the plaintiff elected to stand by the declaration. Judgment was entered as follows:

> "Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff its costs and charges in this behalf expended and have execution therefor."

Plaintiff appealed and the Appellate Court affirmed judgment of the trial court. Plaintiff then appealed to the Supreme Court and contended that Appellate Court had no jurisdiction of the appeal for the reason that judgment was not final. The Supreme Court reversed and remanded to Appellate Court with directions to dismiss the appeal at Appellant's cost. The Supreme Court stated in part as follows:

> "The judgment was not final and the statute only authorizes appeals from final judgments. The circuit court merely sustained a demurrer to the declaration, and neither adjudged that the plaintiff take nothing by the writ or that the defendant go

hence without day, and the judgment contained no words of equivalent meaning."

The rule stated has been followed in numerous cases. In Aetna Plywood & Veneer Co. v. Robineau, 336 Ill 339, 83 NE2d 896, the plaintiff appealed from an order dismissing the complaint at plaintiff's cost and from an order denying plaintiff's motion to vacate the order of dismissal and grant it leave to file an amended complaint. The court discussed extensively the rule stated in the Chicago Portrait Co. case and found that neither order from which plaintiff appeals is a final judgment or decree within meaning of sec 77 of the Civil Practice Act. In the case of Brodt v. Novak, 44 Ill App2d 16, 193 NE2d 867, it was held that an order sustaining defendant's motion to dismiss an injury action complaint, and in terms ordering that complaint "be and the same is hereby dismissed" was not "final and appealable," necessitating dismissal of the appeal without prejudice, since to be final and appealable, the order should have been followed by a judgment. In Vosnos v. Wenzel, 35 Ill App2d 390, 183 NE2d 193, it was held that an order entered, denying a petition to vacate judgment, but allowing defendants 30 days to file an amended petition, was not a final, appealable order; and an appeal taken from an order during the period in which defendants had right under the order to file an amended petition, would be dismissed. ■ In the instant case the order granted plaintiff leave to file an amended complaint within 30 days. The plaintiff filed his appeal eight days after the order was entered. At the time the appeal was filed, the trial court had not entered any final order. Appellate Courts, subject to statutory exceptions, are without jurisdiction to review judgments, orders or decrees which are not final. (Brauer Machine & Supply Co. v. Parkhill Truck Co., 383 Ill 569, 50 NE2d 836; Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 75 NE 473; Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371). To be final and

appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of judgment. (Roddy v. Armitage-Hamlin Corp., 401 Ill 605, 83 NE2d 308; Rogers v. Barton, 375 Ill 611, 32 NE2d 135; Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371.) See also Nichols, Illinois Civil Practice, Sec 5901 and cases therein cited.

For the reasons stated, we find that the order appealed from was not a final, appealable order and the appeal is dismissed at plaintiff's cost.

Appeal dismissed.

MORAN and GOLDENHERSH, JJ., concur.