*In re* ESTATE OF DOUGLAS ALLEN TRAUTT, Deceased—(NORBERT W. TRAUTT, Admr., of the Estate of Douglas Allen Trautt, Deceased, Petitioner-Appellant, *v.* RICHARD STANTON *et al.*, Respondents-Appellees.)

(No. 72-53;

Fifth District—March 28, 1973.

*Rehearing denied May 1, 1973.*

Schlafly, Godfrey & Fitzgerald, of Alton, for appellant.

No appearance for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

Appellant, as Administrator of the Estate of Douglas Allen Trautt, deceased, filed a petition for citation to recover property from Richard and Sue Stanton, Appellees.

The petition alleged that appellees were holding twelve paintings belonging to decedent which he had painted during his lifetime.

Appellees admitted that decedent had painted the paintings but contended that he had made a gift of the paintings to them during his lifetime.

After a bench trial, the trial court dismissed the petition.

Appellant contends that the order should be reversed since the evidence failed to show a completed gift. Appellant also contends that the court admitted improper evidence in violation of Sec. 2 of the Evidence Act. Ill. Rev. Stat. 1971, ch. 51, par. 2.

■■ The evidence was heard on September 9, 1971 and September 29, 1971. On the first date defendant, Richard Stanton, was called as an adverse witness under Sec. 60 of the Civil Practice Act. On September 29, 1971 he was called as a witness by his counsel. At this time appellant objected to his testifying on the basis of Sec. 2 of the Evidence Act. His counsel claimed that the objection had been waived by reason of the prior questioning when he was called as a witness under Sec. 60. The trial judge then commented that this was the problem with split trials—he did not remember the prior testimony sufficiently to rule at this time. It was then suggested that the testimony be heard subject to the objection and this was done. There was no subsequent request for the judge to rule on this objection and no ruling appears in the record. Under these circumstances we cannot assume that the judge considered improper evidence. Since this testimony was not necessary for the result reached, we need not consider the question of its admissibility.

■■ The other testimony was in direct conflict. There was ample evi-

dence, if believed, to support the finding. The trial court saw and heard the witnesses and thus was in a better position to evaluate the testimony than this court.

■■ Appellant also contends that the statements of appellees that they would have under some circumstances returned all or part of the gift proves that there was no completed gift. We do not agree. A donee may be willing at his option to return a gift to the donor if the donor is in need. However this state of mind does not defeat a previously completed gift. The gift being complete and the intention being conditional, the intention would have to be carried out for ownership to revert to the donor.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.