PHILLIP TAYLOR *et al.*, Plaintiffs-Appellees, *v.* CHARLIA R. STARKEY, a Minor, *et al.*, Defendants-Appellants.

(No. 73-352;

Fifth District—July 9, 1974.

Gerald B. Cohn, of Bethalto, for appellants.

R. Michael Fischer, of Alton, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The petitioners, Phillip Taylor and Linda Taylor, have filed this action for the adoption of Charlia R. Starkey. The matter was contested by the natural father, defendant Fred R. Clymer (hereinafter referred to as the defendant). The circuit court of Madison County by interim order terminated the parental rights of the father. From the decree of the court terminating the parental rights and the denial of the post-trial motion, this appeal is taken.

This case commenced with the petitioners filing their petition for adoption. The defendant filed his answer asking that the petition be denied. The defendant next filed an affirmative defense setting forth the rights of the natural father of an illegitimate child. The guardian ad litem for the minor child filed his answer asking that the petitioners be placed upon strict proof and requesting the court to protect fully the rights of all of the interests of the minor child. All parties were represented by counsel.

The court entered its order granting to the petitioners temporary custody of the minor child subject to certain visitation rights in the father

and after numerous other pleadings, the matter as concerned the parental rights was heard and taken under advisement; the court entered an interim order terminating the parental rights of the defendant and subsequently entered its order denying the defendant's post-trial motion.

The defendant appeals asserting that the court below erred in several particulars. The defendant asserts that the court erred in finding that the defendant was an unfit parent because of depravity within the meaning as set forth in section 1 of the Adoption Act (Ill. Rev. Stat., chapter 4, par. 9.1—1).[1] The defendant also asserts that the court erred in admitting certain photographs into evidence over objection and the defendant asserts that the court abused its discretion in disregarding the "report" of the guardian ad litem.

The petitioners have filed several motions subsequent to this appeal which appear to be well founded but we shall not rule on them preferring to decide this matter on its merits. Thus, the motions shall be denied. Little purpose shall be served in setting forth in great detail the unfortunate evidence heard by the court, included in a 270-page transcript. The basic facts in this case will, however, be stated.

The defendant is the natural father of Charlia Renee Starkey born on October 8, 1971, in Independence, Missouri, to Janice Lee Starkey. The defendant and Janice Starkey were living together out of wedlock at the time of the child's birth, and had lived together for a period of approximately 13 months from December, 1970, until the end of January, 1972. The defendant was married to his present wife until February 16, 1971, when he was divorced by his present wife on the grounds of physical cruelty. He thereafter on February 9, 1973, remarried her. The defendant who at the time of this hearing was 29 years of age had also one other prior marriage which also terminated by divorce.

The defendant had plead guilty to involuntary homicide although denying that he killed Janice Starkey, the natural mother of the child. He was in the Menard Security Hospital for a little less than a month and he is now free on probation. The psychiatrist that treated the defendant stated that although the defendant is a stable and responsible person

---

[1] "D. 'Unfit person' means any person whom the court shall find to be unfit to have a child sought to be adopted, the grounds of such unfitness being any one of the following: * * * (f) Failure to protect the child from conditions within his environment injurious to the child's welfare; (g) Other neglect of, or misconduct toward the child; provided that in making a finding of unfitness the court hearing the adoption proceeding shall not be bound by any previous finding, orders, judgment or decree affecting or determining the rights of the parents toward the child sought to be adopted in any other proceeding except such proceedings terminating parental rights as shall be had under either this Act or the Juvenile Court Act; (h) Depravity; (i) Open and notorious adultery or fornication * * *."

with no signs of violent tendencies, he is a depressive neurotic with passive aggressions.

The trial court in its interim order found that the defendant was an unfit parent due to "depravity" as evidenced by (1) his continued pattern of extreme and repeated physical cruelty towards the women in his life, (2) his conduct and actions living in open and notorious adultery with the deceased mother, (3) his mental condition relative to distrust for women, (4) the untrustworthiness of the testimony given by the defendant at the trial regarding certain matters of child support and prior conduct between the defendant and his present wife.

The defendant cites numerous cases wherein the courts have held that evidence of past mental disturbances where no recurring symptoms have appeared should have no bearing on the issue of fitness. (*Vanden Heuvel v. Vanden Heuvel*, 254 Iowa 1391, 121 N.W.2d 216; *McKay v. McKay*, 253 Iowa 1047, 115 N.W.2d 151; *Acomb v. Billeiter* (La.App.), 175 So.2d 25) and the case of *Alden v. Alden*, 226 Md. 622, 174 A.2d 793, wherein the Maryland Court of Appeals held that the trial court did not abuse its discretion in awarding custody to the mother who had had a history of mental illness but now appeared to have made a satisfactory adjustment.

■■ The defendant also asserts that the issue of unfitness by depravity was not established by a preponderance of the evidence, citing *Young v. Prather*, 120 Ill.App.2d 395, 256 N.E.2d 670. We agree with the defendant as to the required measure of proof, but we do not agree that this burden has not been met. There is adequate competent evidence in the record to support the findings of the trial court. As stated in the *Young* case, acts constituting depravity within the meaning of the statute must be of "sufficient duration and sufficient repetition to establish a 'deficiency' in moral sense and either an inability or an unwillingness to conform to accepted morality." In the present case, we are not confronted with a single act of "depravity", but a course of conduct exhibited by the defendant going back over a period of some 13 years.

The defendant appears to be taking the position that each of the specific findings in the court's order is the specific finding of depravity. The totality of the findings of the court constitute depravity and such totality does constitute "depravity", within the meaning of the statute. *Smith v. Andrews*, 54 Ill.App.2d 51, 203 N.E.2d 160.

■■ We find after reviewing the entire record of the proceedings that the court had as its primary concern the best interest of the child in its interim order. *Stalder v. Stone*, 412 Ill. 488, 107 N.E.2d 696.

■■ After hearing the evidence the trial court asked the parties to file briefs. That of the guardian ad litem concluded that under the law and

evidence the defendant Clymer was not unfit by reason of depravity and recommended denial of the petition for adoption. Both appellee and appellant refer to the brief as a report. The defendant Clymer contends that the court abused its discretion in not following such "report." The court was not bound by the recommendation of the guardian ad litem. It can be pointed out in at least one instance, the report of the guardian ad litem did not agree with the evidence presented at the hearing. The report of the guardian ad litem states, "It is fully realized that there are undisputed psychologist's finding that Mr. Clymer has now established a life of stability." The testimony of the psychiatrist at the hearing does not completely agree with this statement. We do not find that the court abused its discretion in not following the recommendation of the guardian ad litem.

■■ The defendant also asserts that the court erred in receiving into evidence certain photographs of the body of the deceased mother. As this was a bench trial, we can assume and do assume that the court considered only competent evidence. There is, in our opinion, a plethora of evidence to support the findings of the trial court absent the photographs themselves. Thus, we will not consider whether or not the photographs were erroneously admitted. *In re Estate of Trautt,* 10 Ill.App.3d 953, 295 N.E.2d 293.

■■ As its final contention that the court below erred, the defendant contends that a certain report of investigation made pursuant to section 6 of the Adoption Act (Ill. Rev. Stat., ch. 4, par. 9.1—6) by the probation officer that appears in the record should not be a part of the record by virtue of the language of that section. There is an absence of showing how the report became a part of the record and further that the report in any way was detrimental to the defendant; nor is there any showing that the court relied upon it. If such report being in the record is error, then it is such error that may be considered harmless.

The judgment of the trial court is affirmed.

CARTER and CREBS, JJ., concur.