EDWARD CHARLES GRAY *et al.*, Plaintiffs-Appellees, *v.* CHARLIA RENE STARKEY, a Minor, by her Guardian Ad Litem, Joseph Kelleher, Jr., *et al.*, Defendants and Counterdefendants.—(FRED CLYMER *et al.*, Counterplaintiffs-Appellants.)

Fifth District   No. 75-434

Opinion filed August 27, 1976.

Gerald B. Cohn, of Bethalto, for appellants.

R. Michael Fischer, of Alton, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This appeal has been brought by Fred Clymer, the natural father of Charlia Rene Starkey, a minor, because of certain rulings made by the trial court adverse to Clymer in a proceeding brought by Edward and Leslie Gray to adopt Charlia Starkey.

Janice Lee Starkey, the natural mother of Charlia Starkey, died in January of 1972. In February of 1972 Phillip and Linda Taylor filed a petition to adopt Charlia Starkey. Fred Clymer, the child's natural father, was named a defendant and contested the petition. After a hearing in the

matter, the trial court entered an interim order which determined Clymer to be an unfit person to have Charlia Starkey, terminated the parental rights of Clymer, and awarded interim custody of the child to the Taylors. Clymer took an appeal to this court from the order terminating his parental rights, but the judgment of the trial court was affirmed. See *Taylor v. Starkey*, 20 Ill. App. 3d 630, 314 N.E.2d 620.

Subsequently, the Taylors abandoned their adoption petition and the adoption was never finalized. The Taylors apparently (although it is not clear from the record) also relinquished actual custody of the child to Edward and Leslie Gray. On December 13, 1974, the Grays (hereinafter "plaintiffs") filed a petition to adopt Charlia Starkey. The petition named the child, Fred Clymer, and the Taylors as defendants and alleged, *inter alia*, that Clymer had been adjudicated unfit to be the parent of the child.

On January 24, 1975, Clymer filed a motion to dismiss the petition because of several named deficiencies. On February 28, 1975, the court entered an order granting the motion to dismiss the petition because of the failure of the plaintiffs to include the allegations required by section 5B(c) and (k) of the Adoption Act (Ill. Rev. Stat., ch. 4, par. 9.1—5(c) and (k)). The order granted plaintiffs 21 days to amend the petition.

Plaintiffs filed an amended petition on June 10, 1975, 81 days after the expiration of the time granted plaintiffs to file the amended petition. The amended petition named only the child and the Taylors as defendants. It alleged, *inter alia*, that the Taylors had legal custody of the child; that plaintiffs acquired actual physical custody of the child from the Taylors on August 4, 1973; and that "the rights of the father of Charlia Rene Starkey" had been terminated in a prior, named court action. On June 26, 1975, Clymer filed a motion to dismiss the amended petition on the basis that it had been filed beyond the time previously granted by the court for the filing of the amended petition. That same day, the court allowed Clymer's motion to dismiss the amended petition and dismissed the case. Thereafter, however, plaintiffs filed a motion to reconsider and for leave to file the amended petition for adoption; and, on August 26, 1975, the court granted the motion to reconsider, denied the motion to dismiss the amended petition, and granted plaintiffs leave to file the amended petition.

On August 18, 1975, Fred Clymer and his wife, Sharon Clymer, filed a petition to intervene and a "countercomplaint for adoption." Plaintiffs thereafter filed a motion to strike the petition to intervene and a motion to dismiss the countercomplaint. On August 27, 1975, the court entered an order which denied the Clymers' petition to intervene and dismissed with prejudice the Clymers' countercomplaint for adoption.

Two issues are raised in this appeal: (1) whether the trial court erred in allowing plaintiffs to file an amended complaint; and (2) whether the trial

court erred in denying the Clymers' petition to intervene and in dismissing their countercomplaint for adoption. As will be discussed hereinafter, we find no error with respect to either issue and, accordingly, affirm.

As we have already stated, the trial court dismissed plaintiffs' original petition because the petition did not contain the allegations required by section 5B(c) and (k) of the Adoption Act (Ill. Rev. Stat., ch. 4, par. 9.1—5B(c) and (k)). The court gave plaintiffs 21 days to file an amended petition; and 81 days after the expiration of this time granted plaintiffs, they filed their amended petition. Appellant Fred Clymer, who at that time was a named defendant, argued before the trial court and again argues in this appeal that the trial court had lost jurisdiction in the matter because the 21-day period had expired.

The deficiencies in plaintiffs' original petition were mere technical deficiencies easily correctable by the filing of an amended petition. Section 5B(c) of the Adoption Act merely requires the petition to state "[w]hen the petitioners acquired, or intend to acquire, custody of the child, and the name and address of the persons or agency from whom the child was or will be received." (Ill. Rev. Stat., ch. 4, par. 9.1—5B(c).) Section 5B(k) of the Adoption Act merely requires the petition to state "whatever orders, judgments or decrees have" previously "been entered by any court affecting (1) adoption or custody of the child, or (2) the adoptive, custodial or parental rights of either petitioner, including the prior denial of any petition for adoption pertaining to such child, or to the petitioners, or either of them." Ill. Rev. Stat., ch. 4, par. 9.1—5(B)(k).

■■ Under section 46(1) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 46(1)), the trial court may allow amendments to the pleadings on just and reasonable terms at any time before *final judgment* in any matter, either of form or substance, which may enable the plaintiff to sustain the claim for which the pleading was intended to be brought or the defendant to make a defense or assert a cross-demand. A judgment order is not final unless it terminates the litigation between the parties to the suit and finally determines, fixes and disposes of their rights as to the issues made by the suit. (*Peach v. Peach*, 73 Ill. App. 2d 72, 218 N.E.2d 504.) Trial orders allowing (*Curtis v. Albion-Brown's Post 590 American Legion*, 65 Ill. App. 2d 473, 213 N.E.2d 621) or denying (*Seaman v. Lawn Savings & Loan Association*, 128 Ill. App. 2d 181, 262 N.E.2d 823) leave to file an amended pleading are not final judgments. Moreover, trial orders which dismiss or strike a complaint, which if affirmed, might result in the filing by the plaintiff of a new suit or amended complaint from the same transaction are not final judgments, because they do not terminate the litigation between the parties. (*Robinson v. City of Geneseo*, 77 Ill. App. 2d 308, 222 N.E.2d 331; *Schoen v. Caterpillar Tractor Co.*, 77 Ill. App. 2d 315, 222

N.E.2d 332; *Lakatos v. Prudence Mutual Casualty Co.*, 113 Ill. App. 2d 310, 252 N.E.2d 123.) Whether a dismissal of a complaint bars a subsequent suit for the same cause of action depends upon whether the dismissal was based on a technical deficiency, easily correctable. *Pratt v. Baker*, 79 Ill. App. 2d 479, 223 N.E.2d 865, *cert. denied*, 389 U.S. 874, 19 L. Ed. 2d 157, 88 S. Ct. 165; *Martin v. Masini*, 90 Ill. App. 2d 348, 232 N.E.2d 770; *Lakatos v. Prudence Mutual Casualty Co.*

■■ In *King v. Donahue*, 70 Ill. App. 2d 481, 216 N.E.2d 824, and *Shroat v. Robins*, 7 Ill. App. 3d 293, 287 N.E.2d 157, the appellate court held that the trial court had not abused its discretion when it refused to allow a party to file an amended complaint after the expiration of the time previously granted by the court for the filing of the amended complaint. These cases do not establish, however, that a trial court loses jurisdiction of a case after the expiration of the period granted for the filing of an amended complaint. When, as in this case, the trial court dismisses a complaint because of some technical deficiency and allows a certain number of days for filing an amended complaint, the trial court can allow the amended complaint to be filed after the expiration of that period, since the dismissal of the complaint with leave to correct the deficiency does not amount to a final judgment. The trial court in the instant case did not err in allowing plaintiffs to file an amended complaint 81 days after the expiration of the time previously granted plaintiffs to do so.

■■■ The second question we are concerned with is whether the trial court erred in denying the Clymers' petition to intervene. As will be discussed hereinafter, we find no error in the court's denial of the petition to intervene. As a consequence of that ruling, we find it unnecessary to discuss the question whether the court erred in dismissing the Clymers' countercomplaint, since the filing of the countercomplaint is necessarily dependent upon the court's allowing intervention. See Ill. Rev. Stat., ch. 110, par. 26.1(5).

As provided by section 20 of the Adoption Act (Ill. Rev. Stat., ch. 4, par. 9.1—20), the provisions of the Civil Practice Act are generally applicable to an adoption proceeding. Section 26.1 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 26.1) governs intervention. In construing this section of the Civil Practice Act, the courts of this State have held that a party seeking to intervene must have an enforceable or recognizable right and more than a general interest in the subject matter of the proceeding before intervention will be allowed. (*Cooper v. Hinrichs*, 10 Ill. 2d 269, 140 N.E.2d 293; *County of Cook v. Triangle Sign Co.*, 40 Ill. App. 2d 202, 189 N.E.2d 25; *United Steelworkers of America, Local 5292 v. Bailey*, 29 Ill. App. 3d 392, 329 N.E.2d 867.) It has also been held that a party without custody or other legal rights to a child has no right to intervene in

a proceeding brought by some other persons to adopt that child. (*Cooper v. Hinrichs*.) It is clear, therefore, that Sharon Clymer, who did not have custody or other legal rights to Charlia Starkey, did not have a right to intervene in this proceeding. The trial court committed no error in denying the petition to intervene with respect to Sharon Clymer.

Fred Clymer, however, argues that he should have been permitted to intervene because he is the natural father of the child and has an interest different than that of the general public. He asserts that he has led an exemplary life since the time he was determined unfit in the adoption proceeding brought by the Taylors, which was never finalized, and that as the natural father he is entitled to a second fitness hearing in this adoption proceeding brought by plaintiffs, the Grays. We cannot agree.

Section 17 of the Adoption Act (Ill. Rev. Stat., ch. 4, par. 9.1—17) provides:

> "After the entry either of an order terminating parental rights or the entry of a decree of adoption, the natural parents of a child sought to be adopted shall be relieved of all parental responsibility for such child and shall be deprived of all legal rights as respects the child, and the child shall be free from all obligations of maintenance and obedience as respects such natural parents."

Moreover, once the rights of a parent have been terminated by a court of competent jurisdiction, the name and address of the parent "shall be omitted" from an adoption petition brought thereafter and the parent is not to be made a party defendant to the petition. Ill. Rev. Stat., ch. 4, pars. 9.1—5B(f)(1) and 9.1—7A.

■■ This case is unusual in that the parental rights of Fred Clymer with respect to Charlia Starkey were terminated in an earlier adoption proceeding which was abandoned by the petitioners, the Taylors, before the adoption was finalized. This fact, however, does not negate the applicability of the clear provisions of the Adoption Act referred to above. As this court stated in *People v. Gibbs*, 30 Ill. App. 3d 878, 333 N.E.2d 226 (abstract opinion), "all rights * * * are terminated by an order of termination of parental rights, even where that precedes the final adoption proceeding." The failure of the Taylors to maintain their petition to adopt the child until the adoption was finalized was purely fortuitous as far as Fred Clymer was concerned, and in no way affects the previous termination of his parental rights. He had no right to intervene in the instant case, and the court did not err in denying his petition to intervene.

We note that in a very recent case from the Third District (*In re Workman*, 38 Ill. App. 3d 261, 344 N.E.2d 796) the court recognized that a parent whose parental rights to a child have been terminated following a

fitness hearing may still have some residual right to seek a restoration of parental rights, *prior* to the filing by some other persons of a petition to adopt the child. The court stated:

> "It is not clear that the courts have determined that an order could permanently deprive a parent of the right to petition for restoration of custodial rights prior to the filing of a petition to adopt a child or children under the statutes as they now appear (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—17 and ch. 37, par. 705—9(1) *et seq.*)." (38 Ill. App. 3d 261, 264, 344 N.E.2d 796, 798.)

(But see the strong disagreement expressed in the separate opinion of Justice Barry.)

The statement from *Workman* quoted above is in conflict with this court's interpretation of the Adoption Act in *Gibbs*. But even if we were to adopt the rationale of the *Workman* majority opinion, *arguendo*, Fred Clymer would be in no better position in the instant case. He did not file a petition for restoration of custodial rights *prior* to the filing of plaintiffs' petition to adopt Charlia Starkey, despite the fact that he now claims to have led an exemplary life between the time his parental rights were terminated and the time plaintiffs filed their adoption petition. Only after plaintiffs had misjoined him as a party defendant did Fred Clymer assert that he had rehabilitated himself and that he was fit to have parental rights to Charlia Starkey.

We find no error in the trial court's allowing plaintiffs to file their amended complaint, in the court's denying the Clymers' petition to intervene, or in the court's dismissing the Clymers' countercomplaint for adoption. The orders appealed from are affirmed.

Affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.