56 Ill. App.3d 950 (1978)
372 N.E.2d 1135
In re TROY SCOTT BUTTRAM et al., Minors.  (THE PEOPLE ex rel., DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Petitioner-Appellee,
v.
DONALD BUTTRAM, Respondent-Appellant.)
No. 76-467.
Illinois Appellate Court  Third District.
Opinion filed February 10, 1978.
A. Jeffrey Weiss, of Prison Legal Services, of Carbondale, for appellant.
Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Linda M. Vodar, both of State's Attorneys Appellate Service Commission, of counsel), for appellee.
Judgment affirmed.
Mr. JUSTICE BARRY delivered the opinion of the court:
This appeal involves the termination of the parental rights of the appellant Donald Buttram concerning his two minor sons, Troy Scott Buttram and Eric Flynn Buttram. The Circuit Court of Peoria County terminated the parental rights of Donald Buttram after he had refused to *951 consent to the adoption of his two sons by declaring him to be an unfit parent within the definition of the Illinois Adoption Act (Ill. Rev. Stat. 1976 Supp., ch. 4, par. 9.1-10(b), (d) & (h)). The Department of Children and Family Services was granted the authority to consent to the adoption of Troy and Eric Buttram.
The family history of the Buttram children and the appellant must be presented in order to fully understand the evidence presented to the trial court. Donald Buttram returned to Peoria in January of 1973 after serving almost 10 months in the penitentiary. In March of 1973 his ex-wife returned all three of their children, including Troy and Eric, to the appellant and left them with him and it appears it was intended to be permanent. Mr. Buttram's ex-wife had been awarded custody of the minor children of the parties some five years earlier pursuant to her divorce from appellant. Donald Buttram struggled until August of 1973 with taking care of the children and working. At that point in time, realizing that he could not provide a proper home atmosphere, he took the children to the home of his brother, Mr. and Mrs. Perkins, while he went to Nebraska looking for work. Donald Buttram remained in Nebraska until the middle of October 1973. When he returned he learned that the children had been taken from the Perkins' home by appellant's ex-wife and that the Department of Children and Family Services had been contacted for assistance with the children. The evidence is undisputed that Donald Buttram contacted the Department upon his return from Nebraska and otherwise manifested concern about the welfare and placement of his children. The appellant's attempts to visit the children were frustrated by his ex-wife's threats which were intensified by the history of her former threats and an alleged attempt on his life in August of 1973. Although Mr. Buttram stopped direct attempts to work through the Department of Children and Family Services at this point, he did attempt to handle the matter on his own. He wrote to the guardian administrator for the Department requesting information about the welfare of his sons and on one occasion he removed the children from the foster home and took them to his mother's. He relented and took the children back after receiving threats from his former wife.
On December 12, 1974, Donald Buttram was arrested and taken to the Peoria County jail. Pursuant to plea negotiations, he pleaded guilty to one count of burglary, one count of theft, one count of robbery, one count of forgery, and one count of unlawful use of weapons for which he was sentenced to the 3- to 9-year penitentiary term he is presently serving. While in prison, Mr. Buttram again corresponded with the Department of Children and Family Services concerning the welfare of his sons. The record clearly demonstrates that Mr. Buttram made a rather consistent effort, even though imprisoned, to find out about his children and contribute to their welfare as best he could.
*952 While he was serving this sentence the proceedings which resulted in this appeal occurred. The Department of Children and Family Services filed a petition seeking to find Troy and Eric Buttram dependent/neglected based upon two counts: (1) alleging the children's mother wished to be relieved of all residual parental rights, and (2) that the father Donald Buttram was unfit as defined in the Illinois Adoption Act (Ill. Rev. Stat. 1975, ch. 4, par. 9.1-1D). The grounds of Mr. Buttram's unfitness were alleged to be as follows:
"(1) In that he has failed to maintain a reasonable degree of interest, concern, or responsibility as to said minors' welfare;
(2) In that he has continuously and substantially neglected the children;
(3) By reason of depravity, in that said father plead guilty to charges of Forgery, Burglary, Theft over $150.00 and Unlawful Use of Weapons within five (5) years of prior Felony Conviction on March 3, 1975 and was sentenced for a period of 3-9 years to the Department of Corrections; and that said offenses were not isolated events but were part of pattern of criminal behavior resulting in numerous arrests and convictions of Donald Buttram over the past ten years, such behavior showing the defendant's inherent deficiency of moral sense and rectitude."
The petition further requested that Troy and Eric Buttram be declared wards of the court and that a guardian be appointed for them with the power to consent for adoption. After hearing evidence the trial court found the father Donald Buttram unfit within the meaning of the Adoption Act and found that the best interests of the minor children would be served by terminating the father's residual parental rights and empowering a guardian to consent to adoption of the children.
On appeal Donald Buttram raises three issues:
(1) Whether the circuit court erred in considering substantial evidence regarding the best interests and welfare of the minor children prior to a finding of unfitness pursuant to statutory grounds on the part of Donald Buttram;
(2) Whether the evidence in the record, including appellant's past history and prior felony convictions is sufficient to support a finding that he is unfit pursuant to the statutory definition;
(3) Whether the finding and judgment of the circuit court that Donald Buttram failed to maintain a reasonable degree of interest, concern and responsibility for his children is devoid of evidentiary support or alternatively is not supported by clear and convincing evidence.
 1 In urging this court to reverse the finding that he was an unfit parent, Donald Buttram first claims that the trial court improperly considered evidence on the best interests and welfare of the minor *953 children before finding the father to be an unfit parent. In In re Adoption of Cech (3d Dist. 1972), 8 Ill. App.3d 642, 645, 291 N.E.2d 21, 24, the court stated in comparing adoption and custody, "The welfare of the child may be the decisive criterion in awarding custody in divorce and separate maintenance cases but it is not the sole dictate of the result in adoption proceedings." A finding of parental unfitness absent parental consent is a prerequisite and must be determined before the court can consider what placement if any will suit the best interests of the child. (See In re Hrusosky (3d Dist. 1976), 39 Ill. App.3d 954, 351 N.E.2d 386 (Stengel, J., specially concurring).) In the case at bar the record supports the conclusion that the trial court found Donald Buttram unfit and only then considered the best interests of the two Buttram children at the dispositional aspect of the hearing. After hearing considerable evidence, including a stipulation as to Mr. Buttram's extensive criminal record the trial judge took the case under advisement and the next day recited for the record:
"THE COURT: 73 J 3187, In the Interest of Troy, Eric, and Shannon Buttram.
Show that this is a continuation of the hearing started June 29th, resumed August the 17th and that at the outset the Court is entering a finding that the children, respondent children in this case are neglected within the meaning of the Juvenile Court Act, that the father is found to be unfit as described in the Petition of February 23, 1976, count two, Section Three by reason of deprivity (sic) and the children are adjudicated wards of the Court.
This matter is to be heard today and there will be a disposition that will be in the best interest of the children * * *."
Accordingly appellant's argument that the trial court improperly considered the best interest of the children before making a finding of unfitness is without merit.
 2 As a second issue on appeal the appellant father contends that the record is insufficient to support the trial court's finding of unfitness. The record contains a stipulation to Donald Buttram's extensive criminal background. During the past 11 years appellant was convicted of the following felonies: 1965 criminal damage to property; 1971 felony theft; 1974 forgery, burglary, felony theft and unlawful use of weapons within 5 years of a prior felony conviction. At the time of the hearing appealed from Donald Buttram was incarcerated in the penitentiary serving a 3- to 9-year sentence. The obvious conclusion of the trial court that Donald Buttram was unable to cope with normal society lawfully is supported by the record.
 3 Depravity is one of the statutory grounds of a finding of parental unfitness and was defined in Stalder v. Stone (1952), 412 Ill. 488, 498, 107 *954 N.E.2d 696, 701, as "an inherent deficiency of moral sense and rectitude." The present factual situation is clearly distinguishable from Young v. Prather (4th Dist. 1970), 120 Ill. App.2d 395, 256 N.E.2d 670, where the trial court erroneously based a finding of depravity solely upon evidence of Mrs. Prather's one prior felony conviction. The case at bar involves a series of felonies over a lengthy period of time sufficient to establish by clear and convincing evidence that Donald Buttram was unable to cope with our society in a lawful manner. Depravity may be established by a series of acts or a course of conduct indicating a deficiency in a moral sense and showing either an inability or an unwillingness to conform to accepted morality. (Taylor v. Starkey (5th Dist. 1974), 20 Ill. App.3d 630, 314 N.E.2d 620.) In this aspect the instant case is similar to In re Kleba (1st Dist. 1976), 37 Ill. App.3d 163, 345 N.E.2d 714, where a finding of depravity was found to be supported by evidence of the father's serious criminal activity and his inability to conform his conduct to the social norms established by our criminal code. We believe the case of Tiernan v. Stewart (2d Dist. 1975), 33 Ill. App.3d 545, 338 N.E.2d 153, is controlling and that the present record presented enough instances of serious misconduct, to allow the trial court, who had the opportunity to weigh the credibility of the witnesses, to find Donald Buttram unfit by reason of depravity. When the evidence of unfitness is clear and satisfactory, the best interests of the children should outweigh the residual parental rights. The finding of depravity in the trial court was not palpably contrary to the manifest weight of the evidence.
Appellant's final claim of error concerning a finding that he failed to maintain a reasonable degree of interest, concern and responsibility for his children need not be considered because of our holding that the trial court's finding of unfitness is adequately supported by the evidence in the record.
For the reasons stated the judgment of the Circuit Court of Peoria County is affirmed.
Judgment affirmed.
STENGEL, P.J., and STOUDER, J., concur.