In re ESTATE OF CHARLOTTE EIBERGER, Deceased.—(A. CHARLES MUELLER, Ex'r of the Estate of Charlotte Eiberger, Petitioner-Appellant, v. DOROTHY NICKEL, Respondent-Appellee.)

Third District   No. 76-367

Opinion filed May 31, 1978.

Gerald M. Hunter, of Oglesby, for appellant.

Michael Guilfoyle, of Mendota, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The executor of decedent's estate appeals from an order of the trial court finding that two certificates of deposit, representing $15,000, issued to the decedent and respondent as joint tenants were the property of the respondent and ordering that the certificates be delivered to the latter. The respondent is the daughter of decedent.

The trial court's letter memo concluded that the evidence disclosed that in July 1969, the certificates had been placed in joint tenancy with the intent to make a gift, that in August 1969, the certificates were placed in the possession of the respondent and that the decedent had thereafter in 1972 attempted to revoke the gifts. We find that the original joint tenancy certificates were renewed in 1971, again as joint tenants, and again placed in the possession of the respondent.

Decedent's first attempt to claim sole ownership of the certificates was made in October and November of 1972. In July 1973, decedent executed a will which disinherited respondent and stated that the testator did not intend that the respondent take the certificates as the surviving joint tenant:

> "[F]or the reason that the said Dorothy Nickel did not contribute any money whatsoever to either account and that I placed her name as joint tenant on both said accounts for convenience only."

The will bequeathed a sum equal to approximately the sum of the certificates to her son individually and to her son as trustee for a granddaughter. A provision of the will stated that the testator had a joint

checking account and a joint savings account with a cousin and affirmed that the cousin should take the balance as surviving joint tenant.

The inheritance tax returns listed the two certificates as being held as joint tenants by decedent and respondent. The executor and the attorney for the estate testified that at the time the return was executed and filed, it was understood that the controversy had been settled. The return similarly listed a joint checking account with the cousin.

The appellant argues that the trial court erred in failing to find that in 1969 there was a fiduciary relationship between decedent and her daughter and in finding a valid *inter vivos* gift. It is contended that the evidence disclosed that the mother lacked a donative intent and relinquished possession of the certificates for convenience only. It is only contended that the acts of decedent in seeking return of the certificates supports a conclusion of a want of donative intent.

The evidence upon the existence of a fiduciary relationship consists in the admitted fact that following the death of decedent's husband in 1963, the daughter performed errands for her mother of the quality of taking the latter shopping, making purchases and doing the errands. There is evidence that when the mother purchased a trailer as a home, the daughter aided in a search and discussed the purchase with her. There is no evidence that the daughter chose the trailer or otherwise dominated the transaction. We find no evidence that the daughter transacted the mother's business, managed her accounts or was dominant or in control of the affairs of the mother. The testimony of the daughter is that the mother would discuss matters but would make her own decisions.

■■ The mother and daughter did not live together. We cannot conclude that the furnishing of necessary transportation, assistance or companionship creates a fiduciary relation. The mother and daughter relationship alone does not create a fiduciary status. In *Dubin v. Wise* (1976), 41 Ill. App. 3d 132, 354 N.E.2d 403, *appeal denied* (1976), 64 Ill. 2d 595, a father and two sons were business partners. The former conveyed substantially all of his property to the sons. The court determined that the fiduciary relation between parent and sons as to nonpartnership matters must be proved by clear and convincing evidence, citing *Stewart v. Sunagel* (1946), 394 Ill. 209, 68 N.E.2d 268; *Stenwall v. Bergstrom* (1950), 405 Ill. 281, 90 N.E.2d 778. Here, as there, we find no clear and convincing evidence that the mother was, or became, a dominated parent. There is no evidence that the daughter suggested, proposed, or procured the creation of the joint tenancy or the delivery of the possession of the certificates. So far as we can ascertain she did no more than accompany her mother to the respective institutions to sign the certificates as a cotenant and later accepted delivery of the documents.

The executor urges that we are controlled by *In re Estate of Heilman*

(1976), 37 Ill. App. 3d 390, 345 N.E.2d 536. We agree with the trial judge that the opinion is distinguishable upon the facts. In *Heilman*, the trial court found that a fiduciary relationship existed. In that case the property at issue consisted of endorsed securities placed in the possession of an unsecured donee. The evidence is that the donee handled both the personal and business affairs of the donor. There was no presumption, as here, of gift arising from the creation of joint tenancy property. No claim of gift was made by the donee until after the death of the donor. The court concluded that the evidence left unclear whether this delivery of the securities was for safe keeping or as an *inter vivos* gift.

The trial court's memorandum found that all witnesses were credible. The daughter's testimony of the nature of the creation of the joint tenancy and the subsequent delivery of the certificates is corroborated by the daughter's husband, daughter and son-in-law to whom the donor had stated that she wanted the daughter to have the money. The fact that in 1971, each certificate was renewed or replaced in the form of a joint tenancy with the delivery of the certificates to the daughter affirms a donative intent. The daughter stated that at the time of the initial transaction her mother had another substantial savings account. The terms of the will corroborates this fact in its reference to a joint savings account and a joint checking account with a cousin.

■■ The fact that Mrs. Eiberger contributed all of the funds for the purchase of the certificates and continued to receive the interest does not suffice to overcome a presumption of a donative intent. (*Hayes v. Lewis* (1975), 33 Ill. App. 3d 186, 338 N.E.2d 102.) The legislature has determined that a joint tenancy is an effective alternative to a will for the transfer of property upon death. *In re Estate of Fidler* (1974), 23 Ill. App. 3d 1046, 319 N.E.2d 822.

■■ While the daughter testified that she would have used the money represented by the certificates to provide for her mother if she was ill or in need, such testimony does not negate a claim of gift. (*In re Estate of Trautt* (1973), 10 Ill. App. 3d 953, 295 N.E.2d 293.) In that opinion the court stated:

> "A donee may be willing at his option to return a gift to the donor if the donor is in need. However this state of mind does not defeat a previously completed gift. The gift being complete and the intention being conditional, the intention would have to be carried out for ownership to revert to the donor." 10 Ill. App. 3d 953, 955, 295 N.E.2d 293, 294.

The executor argues that the daughter did not assert ownership of the certificates until the death of her mother. The record is strongly to the contrary. She resisted the demands for the return of the certificates.

■■ While the evidence is clear that during the latter part of 1972 Mrs.

Eiberger was demanding return of the certificates, the evidence of a lack of donative intent must relate back to the time of the creation of the joint tenancies. The evidence must clearly and convincingly show that there was a lack of donative intent at that time. (*Hayes v. Lewis* (1975), 33 Ill. App. 3d 186, 338 N.E.2d 102; *In re Estate of Fidler* (1974), 23 Ill. App. 3d 1046, 319 N.E.2d 822.) Here, there was no assertion of a lack of donative intent for some three years when for some reason not explained in the record, the donor ceased speaking to her daughter. The claim that the joint tenancies were for the convenience of the donor was first asserted four years after such interest was created. It would appear that more immediate convenience would be served by authorizing the daughter to write checks in behalf of the donor as apparently was subsequently done with the decedent's cousin. There is no evidence that prior to such claim of convenience Mrs. Eiberger had ever requested or directed her daughter to write checks or pay bills in her behalf. See *Dixon National Bank v. Morris* (1965), 33 Ill. 2d 156, 210 N.E.2d 505; *In re Estate of Weaver* (1966), 75 Ill. App. 2d 227, 220 N.E.2d 321.

The judgment of the trial court is not contrary to the manifest weight of the evidence and the judgment is affirmed.

Affirmed.

REARDON, P. J., and CRAVEN, J., concur.