*In re* T.T., a Minor, Respondent-Appellee (The People of the State of Illinois, Petitioner-Appellee, v. T.T., Sr., Respondent-Appellant).

First District (1st Division)   No. 1—99—0144

Opinion filed May 14, 2001.

Rita A. Fry, Public Defender, of Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.

Patrick T. Murphy, Public Guardian, of Chicago (Ron Fritsch, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

In this case we must decide whether an amendment to the Adoption Act (750 ILCS 50/0.01 *et seq.* (West 1998)) applies retroactively. The amendment, effective June 30, 1998, provides that if a parent has three felony convictions, including one within five years of the filing of a petition to terminate parental rights, a rebuttable presumption of parental unfitness arises. 750 ILCS 50/1(D)(i) (West 1998). T.T., Sr., committed three felonies before 1997. The trial court terminated his parental rights over T.T. based on the three convictions. T.T., Sr., now appeals.

The Department of Children and Family Services (DCFS) took temporary custody of T.T. in December 1994 and placed him in the home of a relative. DCFS filed a petition for termination of the rights of both parents, in April 1998, after years of working with T.T.'s

mother. The trial court terminated the parental rights of T.T.'s mother, and that ruling is not at issue in this appeal.

DCFS moved for summary judgment against T.T., Sr., on one count of the petition for termination of his parental rights. In support DCFS presented certified records showing that in 1992 T.T., Sr., committed burglary, and twice in 1996 he possessed motor vehicles that he knew had been stolen.

■ When T.T., Sr., committed the felonies, the Juvenile Court Act of 1987 (705 ILCS 405/2—29 (West 1992)) and the Adoption Act (750 ILCS 50/1(D)(i) (West 1992)) established that a court could terminate parental rights upon finding clear and convincing evidence of the parent's depravity. The statutes did not define or further explain the facts needed to show depravity. The 1998 amendment to the Adoption Act provided:

"There is a rebuttable presumption that a parent is depraved if the parent has been criminally convicted of at least 3 felonies under the laws of this State or any other state, or under federal law, or the criminal laws of any United States territory; and at least one of these convictions took place within 5 years of the filing of the petition or motion seeking termination of parental rights." 750 ILCS 50/1(D)(i) (West 1998).

DCFS relied on the amendment as grounds for the summary judgment motion.

T.T., Sr., moved to strike the motion for summary judgment, arguing that the due process clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) prohibited retroactive application of the amendment in the case against him. He also answered that the specific convictions did not show depravity, and he was working toward rehabilitating himself in prison.

At a hearing in December 1998, the trial court held that the constitutions permitted application of the amendment to the case against T.T., Sr. The court then took testimony from T.T., Sr., concerning his rehabilitation efforts. The court expressly found much of his testimony incredible and held that he failed to rebut the presumption of depravity. Therefore the court terminated his parental rights with respect to T.T.

■ On appeal T.T., Sr., contends only that application of the amended statute in this case violates his right to due process. When an amendment impairs rights a party possessed when he acted, the constitutions permit only prospective application of the amendment. *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 38 (2001). If the amendment would have no such retroactive impact, the

court may apply the amended law. If an amendment only clarifies existing law, courts should apply it to pending cases. *County of Hamilton v. Department of Revenue*, 279 Ill. App. 3d 639, 644, 665 N.E.2d 567 (1996).

Before the legislature enacted the amendment at issue here, the Adoption Act gave courts the power to declare unfit any parent the courts found depraved. The statute did not further define the term or restrict the evidence on which the court could base such a finding. Courts readily concluded that felony convictions counted as admissible evidence of depravity. *Smith v. Andrews*, 54 Ill. App. 2d 51, 62, 203 N.E.2d 160 (1964). But courts concluded that they needed to consider other evidence as well, so that felonies alone did not constitute conclusive proof of depravity. *In re Sanders*, 77 Ill. App. 3d 78, 82, 395 N.E.2d 1228 (1979); *In re M.B.C.*, 125 Ill. App. 3d 512, 466 N.E.2d 273 (1984). The court in *Sanders* explained:

> "While a criminal record reveals a rejection of societal mores in the past, it is not conclusive. There must be some allowance for an individual to become rehabilitated ***." *In re Sanders*, 77 Ill. App. 3d at 82.

Thus, in *M.B.C.*, the court recited the father's history of felonies and observed that he offered no significant evidence of rehabilitation before approving termination of his parental rights.

Our supreme court clarified applicable standards with *In re Abdullah*, 85 Ill. 2d 300, 423 N.E.2d 915 (1981). In that case the child's father murdered the mother, and the trial court found the murder conviction alone sufficient to show the father's depravity. On appeal, the State supported the trial court's decision with a transcript of the murder trial. Our supreme court first defined depravity as " ' "an inherent deficiency of moral sense and rectitude." ' [Citations.]" *In re Abdullah*, 85 Ill. 2d at 305. The court noted the rule from earlier decisions that a single criminal conviction, without more, did not suffice to prove depravity. But the court recounted the circumstances of the murder and found the nature of that single act showed depravity. Despite the opportunity to present contrary evidence, the father failed to rebut the inference of depravity. *In re Abdullah*, 85 Ill. 2d at 307. The court affirmed the decision to terminate the father's parental rights.

In *Sanders* the father committed at least two felonies and three other crimes, and he spent three years in prison. The trial court found the evidence insufficient to prove depravity. The appellate court deferred to the trier of fact, holding that the decision was not contrary to the manifest weight of the evidence. The appellate court also affirmed the trial court's decision not to terminate the rights of the father in the case of *In re Perez*, 173 Ill. App. 3d 922, 937-38, 528

N.E.2d 238 (1988), although the father committed two felonies in Illinois and attempted a robbery in New York. The appellate court especially noted the evidence of the father's rehabilitation and consistent concern for his children.

The trial court that heard *In re Buttram*, 56 Ill. App. 3d 950, 372 N.E.2d 1135 (1978), held that the father's 6 felonies in 11 years showed depravity. Again, the appellate court affirmed. And in *Smith*, 54 Ill. App. 2d at 62-63, the appellate court affirmed the decision to terminate the rights of a parent convicted of two felonies, emphasizing the lack of evidence of mitigating circumstances.

Although the results of the cases appear reconcilable, the trial and appellate courts applied varying standards and rationales. Some courts required evidence beyond the certified proof of convictions, while other courts found the number of convictions alone sufficient to show depravity. Compare *In re Sanders*, 77 Ill. App. 3d at 82, with *In re Dawn H.*, 281 Ill. App. 3d 746, 757, 667 N.E.2d 485 (1996). The amendment to the Adoption Act approved the use of felony convictions to prove depravity. Under the amendment, any three felonies suffice to present a *prima facie* case of depravity, as long as one of the convictions occurred within five years of the filing of the petition to terminate parental rights. Of course, as under the prior case law, the parent retains the right to rebut the evidence of depravity with proof of rehabilitation or with evidence that the circumstances surrounding the crimes show the crimes did not result from depravity.

Here, as in *County of Hamilton*, 279 Ill. App. 3d at 644-45, an undefined statutory phrase left much room for speculation concerning the application of the statute before amendment. And, as in *Royal Imperial Group, Inc. v. Joseph Blumberg & Associates, Inc.*, 240 Ill. App. 3d 360, 365, 608 N.E.2d 178 (1992), cases relying on apparently conflicting reasonings showed a need for legislative clarification. We hold that the amendment to the Adoption Act only clarified existing law concerning proof of depravity. Accordingly, the trial court here correctly applied the amendment to the facts of this case.

■ T.T., Sr., committed three felonies, all within five years of the filing of the petition to terminate his parental rights. Under the Adoption Act as clarified by amendment, the convictions raised a rebuttable presumption of depravity. T.T., Sr., does not contest the trial court's finding that his testimony failed to rebut the presumption. He does not suggest that the trial court precluded him from presenting any evidence concerning his rehabilitation or any other matter that could

show he is not depraved. Therefore, the decision to terminate his parental rights is affirmed.

Affirmed.

O'MARA FROSSARD and COHEN, JJ., concur.