ADRON PAUL BRAINERD, Plaintiff-Appellant, *v.* FIRST LAKE COUNTY NATIONAL BANK OF LIBERTYVILLE, *et al.,* Defendants-Appellees.

(Nos. 70-228, 70-262 cons.;

Second District—November 4, 1971.

Adron Paul Brainerd, of Libertyville, for appellant.

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, (James J. Hermann, Jr., of counsel,) for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On April 3, 1970, the plaintiff filed a two-count complaint against the defendants alleging various tortious acts committed by them during an incident that occurred on January 26, 1968 and seeking actual and punitive damages in the total amount of $103,100.00. The defendants moved to dismiss the complaint pursuant to Section 48(1)(d) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, sec. 48(d)) in that the cause of action was barred by a prior judgment. On May 21, 1970, the trial court entered an order that found that the matters alleged in the complaint had been adjudicated in an earlier proceeding between the same parties and dismissed the complaint with prejudice. After the court denied his motion to vacate the order of dismissal, the plaintiff filed his notice of appeal on July 27 and the cause was docketed with this court as Case No. 70-228.

On July 29, 1970, the plaintiff filed a petition under Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) seeking relief from judgments entered September 27 and November 7, 1968, respec-

tively in the earlier proceeding. On September 1, that petition was amended and the defendants filed their motion to strike. On September 25 the trial court struck certain portions of the petition and, in a separate order, denied it. After the trial court denied his petition to "rehear/reconsider or vacate", the plaintiff brought a second appeal that is before us as Case No. 70-262. The two cases have been consolidated for our consideration.

On June 14, 1968, the plaintiff filed his first complaint against these same defendants. That complaint was dismissed for failure to state a cause of action and the plaintiff given additional time to file an amended complaint. On November 7, 1968 the cause was dismissed "with prejudice" since the plaintiff had failed to amend his complaint. We affirmed that order of dismissal in the case of *Brainerd v. First Lake Co. Natl. Bank of Libertyville*, 109 Ill.App.2d 251, and the Supreme Court denied the plaintiff's petition for leave to appeal from our decision. The plaintiff now contends that the judgment order in that case could not bar his new action since it was not rendered on the merits. We do not agree.

Supreme Court Rule 273 (Ill. Rev. Stat. 1969 ch. 110A par. 273) provides as follows:

"Effect of Involuntary Dismissal.

Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

■■ This rule was effective as of January 1, 1967, and applicable to the judgment rendered November 7, 1968. Since that judgment order did not fall within any of the enumerated exceptions, it operated as an adjudication upon the merits of the cause and was, of course, a final, appealable order. (*People v. Gulf, Mobile and Ohio Railroad Company*, 125 Ill.App.2d 473, 475.) Even before the rule, a dismissal with an election to stand on the complaint was deemed a final, appealable order and a bar to future suits by the plaintiff against the same defendants arising out of the same transaction. *Robinson v. City of Geneseo*, 77 Ill.App.2d. 308, 310; *Schoen v. Caterpillar Tractor Co.*, 77 Ill.App.2d 315, 317.

■■ The first complaint alleged that the plaintiff had been damaged as a result of the tortious conduct of the defendants arising out of an incident that occurred on January 26, 1968. The second action made the same allegations although phrased in more precise terms. The parties, the subject matter and the issues raised in the two proceedings were virtually identical. Since, as we have seen, the dismissal of the first action operated as a final adjudication on the merits, the second

cause was clearly barred under the principles of *res adjudicata. Martin v. Masini*, 90 Ill.App.2d 348; *Pratt v. Baker*, 79 Ill.App.2d 479; *Schoen v. Caterpillar Tractor Co., ibid.*

■■ As is well known, a petition brought under Section 72 is addressed to the legal discretion of the trial court and a court of review will not interfere with the exercise of that discretion unless there is an abuse. (*Goldman v. Checker Taxi Co., Inc.* 84 Ill.App.2d 318, 320.) The petition enables a party to bring before the court matters of fact not appearing in the record which if known would have prevented rendition of the judgment. (*Brockmeyer v. Duncan*, 18 Ill.2d 502, 505.) The petition is not intended to relieve a party of the consequence of his own mistake or negligence. *Suarez v. Yellow Cab Co.*, 112 Ill.App.2d 390.

■■ The plaintiff's amended petition, purportedly brought pursuant to Section 72, contained a number of factual allegations wholly unrelated to the cause of action that were properly stricken by the trial court. It also asks the court to take "judicial notice" of a number of facts not within the purview of that concept and completely unsupported by anything in the record. The petition further includes a repetition of the allegations made in the original complaint; an argument against our decision in the first appeal; and some allegations of fact that were either known or should have been known by the plaintiff prior to the rendition of the final judgment. It completely fails to set forth sufficient facts to constitute grounds for relief under Section 72 and was properly denied by the trial court.

For the reasons stated, the judgment of the trial court in both cases will be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.