GLADYS CAMPBELL, Plaintiff-Appellant, *v.* GENERAL LAMAR HARRISON *et al.*, Defendants-Appellees.

(No. 56849;

First District (4th Division)—December 19, 1973.

Heller & Morris and Toshen, Cohen & Eiger, Ltd., both of Chicago (Jerome H. Torshen and Robert A. Skirnick, of counsel), for appellant.

Robert L. Brody and George J. Gore, both of Chicago (Leon M. Fineberg, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County striking plaintiff's amended complaint for failure to state a cause of action and from an order which granted defendants' motion to dismiss the suit for failure to file a second amended complaint.

The issues for review are whether the plaintiff's failure to inform the court she wished to stand on her first amended complaint after it was stricken acted as a waiver of her right to an appeal of the ruling striking the amended complaint for failure to state a cause of action, or whether under Supreme Court Rule 273 the order did not become appealable until there was a final dismissal which constituted an adjudication on the merits, and whether the court was correct in holding the amended complaint did not state a cause of action.

The plaintiff, Gladys Campbell, brought this action against the defendants, General Lamar Harrison, Dorothy Marie Harrison, Cheshire and Shotwell, Inc., and James Walker. She alleged she was injured when a portion of plaster from the ceiling of her living room fell and struck her and alleged the defendants were guilty of negligence and a breach of duty with respect to the operation and maintenance of the apartment building in which she lived.

Plaintiff's original complaint, filed on August 29, 1969, was stricken for failure to state a cause of action, and she was granted leave to file an amended complaint. She filed an amended complaint on February 24, 1970, and on June 24, 1971, the court granted the defendants' motion to strike the amended complaint and gave the plaintiff 28 days to file a second amended complaint.

On September 15, 1971, on a motion to dismiss the suit for failure to file her second amended complaint, the court extended the time for plain-

tiff to file a second amended complaint. On October 5, 1971, when a second amended complaint still had not been filed, the court entered an order dismissing the plaintiff's suit.

The plaintiff contends the amended complaint constituted a cause of action and it was error for the court to have stricken it. She argues she could not appeal that order until the court finally dismissed the suit so there was an adjudication upon the merits under Supreme Court Rule 273. Ill. Rev. Stat. 1971, ch. 110, § 273.

The defendants contend the court was within its discretion in dismissing the suit after giving two time periods within which the plaintiff could file a second amended complaint. They rely on the case of *Coatie v. Kidd* (1958), 17 Ill.App.2d 289, where the plaintiff filed a complaint which was dismissed by the court with leave granted to file an amended complaint. That amended complaint was not filed within the time specified by the court, and the defendants filed motions to dismiss the suit. On the day specified for the hearing on the motions, the plaintiff filed an amended complaint without leave of court. After considering the plaintiff's reasons for filing late, the court allowed the motions of the defendants and entered judgment dismissing the suit. The plaintiff appealed from only the order dismissing the suit for failure to file a timely amended complaint. The reviewing court held the time limit in an order granting leave to amend is not a nullity and it is not an abuse of discretion to dismiss a suit when the amended complaint is not filed in the time fixed by the court.

That case is not the same as the one before us, where the plaintiff appeals from both the order striking the amended complaint for failure to state a cause of action and the final order dismissing the suit. In the instant case the plaintiff elected to stand on her amended complaint as evidenced by the appeal from both orders.

■■ The defendants cite the cases of *Robinson v. City of Geneseo* (1966), 77 Ill.App.2d 308, and *Schoen v. Caterpillar Tractor Co.* (1966), 77 Ill.App.2d 315, apparently for the proposition that the plaintiffs were required to inform the court they were standing on their amended complaint in order to preserve their right to an appeal, and by waiting for the final dismissal without so stating they waived their right to appeal the ruling dismissing the complaint for failure to state a cause of action. In both of those cases the court suggests that the plaintiff inform the court of his desire to stand by his complaint after dismissal so that a final judgment may be entered and an appeal taken. Those cases do not state that such a notification is a necessary prerequisite for securing the right to an appeal, and nowhere in the Civil Practice Act is such a practice set forth.

■■ We believe the plaintiff preserved her right to an appeal by waiting for a final order to be entered and then appealing from both the final order and the order striking the amended complaint. In *Brainerd v. First Lake County National Bank of Libertyville* (1971), 1 Ill.App.3d 780, the court held that pursuant to Supreme Court Rule 273, dismissal of the plaintiff's complaint for failure to timely amend "operated as an adjudication upon the merits of the cause and was, of course, a final appealable order."

We must now consider whether the amended complaint stated a valid cause of action. The plaintiff alleged she was injured when a portion of the ceiling in her apartment fell and injured her; that the defendants had actual or constructive knowledge of the dangerous condition of the ceiling; that the defendants retained control over the plaster walls and ceilings and at no time allowed her to make repairs to the plaster interiors of the apartment; and that her injuries were proximately caused by the negligence of the defendants.

■■ In Illinois tenants may recover for injuries caused by the negligence of a landlord in areas over which he retained control. In *Drewick v. Interstate Terminals, Inc.* (1969), 42 Ill.2d 345, the Supreme Court of Illinois stated:

> "It has long been the law of this State that a lessor (or landlord) is liable for injuries which are sustained on the premises, or portion thereof, retained in the lessor's control."

Traditionally, this principle has only been applied to common areas of an apartment building and not to the specifically demised premises which were deemed to be in the exclusive control of the tenant. (*Drewick v. Interstate Terminals, Inc.*, 42 Ill.2d 345.) However, in this case the plaintiff specifically alleges the defendants retained control of the walls and ceiling of the apartment, and the defendants have not chosen to argue the point in this appeal. Therefore, we must hold an issue of fact was created and the amended complaint does state a cause of action, and the court was in error in dismissing the case.

For these reasons the judgment of the Circuit Court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

BURMAN, P. J., and ADESKO, J., concur.