ILA M. BROWNING, Plaintiff-Appellant, v. HERITAGE INSURANCE COMPANY, Defendant-Appellee.

(No. 72-392; ▮▮▮▮▮▮▮▮)

Second District—July 11, 1974.

Russell J. Goldman, of Rockford, for appellant.

Raphael E. Yalden, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff recovered a judgment in the amount of $30,000 in her personal injury suit against Gordon T. Johnson who was insured by the defendant. The judgment was affirmed on appeal in 132 Ill.App.2d 85. Johnson assigned his rights in the insurance policy to the plaintiff, who sought recovery below against the defendant for the excess of the judgment over the $10,000 policy limits on the theory that defendant had wrongfully refused to settle for the policy limits.

Plaintiff's complaint and various amendments were stricken on defendant's motion. The last pleading filed by plaintiff was entitled "Fourth Amended Complaint", but the motion to dismiss referred to it as the "Fifth Amended Complaint", apparently because a second count was added. The motion to dismiss each of the two counts of the last amended complaint resulting in the order appealed from charged that the pleading contained immaterial matter, conclusions of fact and of law, and insufficient allegations of fact to sustain a complaint. The order appealed from recited in the ordering portion (in full): "That said Fourth and Fifth Amended Complaint are stricken."

■■ Review by the appellate court is limited to final judgments and certain interlocutory orders as specified by the Supreme Court Rules. (See Ill. Rev. Stat. 1973, ch. 110A, pars. 301—308.) Before a judgment or order is considered final it must dispose of or terminate the litigation or some definite part of it on the merits of the cause. *Village of Niles v. Szczesny* (1958), 13 Ill.2d 45, 47-48.

The entry of the order to strike a complaint without more is not final or appealable even though the question of jurisdiction is not raised. *Chicago Portrait Co. v. Chicago Crayon Co.* (1905), 217 Ill. 200, 201-202; *Robinson v. City of Geneseo* (1966), 77 Ill.App.2d 308, 309-310.

■■ While a test of finality lies in the substance and not the form of the order (*Peach v. Peach* (1966), 73 Ill.App.2d 72, 78), the order before us in form and in substance does not dispose of the rights of the parties upon the merits of the entire controversy or upon some definite and separate part of the litigation. It is therefore not final or appealable. From what we have before us, the case could proceed in the trial court upon further amended pleadings. The motion to dismiss did not seek to dismiss plaintiff's suit but addressed itself to defects in the allegations and deficiencies in the pleading which could ostensibly have been cured by amendment. (Compare *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill.App.2d 310, 315.) The order conforms to the motion.

■■ We deem it the equitable procedure under the circumstances to dismiss the appeal with the specific declaration that at such time as

624

the trial court enters a judgment which is final and appealable, on further appeal we would not require that the parties re-print their briefs and would decide the appeal on the record as supplemented. *Ariola v. Nigro* (1958), 13 Ill.2d 200, 208-209; *Robinson v. City of Geneseo*, 77 Ill.App. 2d 308, 310-311.

Appeal dismissed.

GUILD and RECHENMACHER, JJ., concur.