JEFFRY BATES, Adm'r of the Estates of Robert Bates *et al.*, Plaintiff-Appellant, *v.* EDWARD A. ULRICH, Defendant-Appellee.

Fourth District   No. 12638

Opinion filed May 13, 1976.

Knuppel, Grosboll, Becker & Tice, of Petersburg (Eldon H. Becker, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (Gary M. Peplow, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-appellant Jeffry Bates, administrator of the estates of Robert Bates, deceased and Thomas Bates, deceased, appeals from an order dismissing his second amended complaint for malpractice in which Dr. Edward A. Ulrich was named the party defendant.

The defendant contends that we have no jurisdiction because the order appealed from is not a final order. The order, which was entered on March 11, 1974 (following the hearing on the motion to dismiss held on February 27, 1974), reads in pertinent part as follows: "The court * * * being fully advised in the premises finds: The motion should be allowed under Sec. 45 of Ch. 110, Ill. Rev. Stats. 1973. It is Ordered that this cause be dismissed at the cost of the Plaintiff." The court had previously dismissed the original and first amended complaints for failure to state a cause of action, and had on each occasion granted leave to file an amended complaint.

A general dismissal with no right given to plead over, and followed by no request for leave to plead over is a final, appealable order. (*Doner v. Phoenix Joint Stock Land Bank*, 381 Ill. 106, 45 N.E.2d 20.) Substance, not form, determines whether the order is final. (*Peach v. Peach*, 73 Ill. App. 2d 72, 218 N.E.2d 504.) The phrase that defendant "go hence without day" are not words of art essential to finality. (*Lakatos v. Prudence Mutual Casualty Co.*, 113 Ill. App. 2d 310, 314, 252 N.E.2d 123.) Neither does finality depend upon whether the "suit," "cause of action" or "complaint" is dismissed. (*Martin v. Masini*, 90 Ill. App. 2d 348, 354, 232 N.E.2d 770.) The record here demonstrates that the trial judge intended the order in question to be final. On the first two occasions his order specifically dismissed the complaint and granted leave to amend. The order in question dismissed the "cause" *not* the complaint, and assessed costs against the plaintiff. Had the order been other than final, the trial judge would have had no authority to assess the costs. The order held to

be final in *Kita v. YMCA*, 47 Ill. App. 2d 409, 198 N.E.2d 174, is similar to this order. Consequently we hold the order to be final and appealable.

The appellee contends that the complaint in question pleads no facts which disclose a duty owed to plaintiff by defendant and resulting damage caused by a breach of that duty. Appellant argues that the complaint does state a cause of action. This is the sole remaining issue. The two counts in question are essentially identical, one relates to the death of Robert Bates, and the other to the death of Thomas Bates.

■■   The rules governing the issue are not difficult to ascertain. In order to state a cause of action the pleader must allege sufficient facts to establish (1) the existence of a duty owed by defendant to plaintiff, (2) a negligent act or acts or omissions which breach the duty, and (3) resultant injury. (*Church v. Adler*, 350 Ill. App. 471, 113 N.E.2d 327.) A cause of action should not be dismissed on the pleadings unless it is clear from the pleadings no set of facts can be proved entitling the plaintiff to recover. *Herman v. Prudence Mutual Casualty Co.*, 92 Ill. App. 2d 222, 232, 235 N.E.2d 346.

■■   The complaint in question alleges specific facts sufficient to raise a duty on the part of defendant as well as breach of that duty. Whether or not these allegations can be established by competent evidence, and if so established are to be adjudged to have been negligently performed or omitted to be done, is a question for the trier of fact. The thrust of the complaint is that Mrs. Doris Bates, mother of the deceased children, consulted defendant, a physician, to ascertain whether or not she was pregnant and informed him that the date of her last menstrual cycle was in September, 1969. That defendant treated Mrs. Bates in connection with the pregnancy from December 1969, and on March 17, 1970, he delivered Robert and Thomas Bates by Caesarean section; Thomas died the same day and Robert died the following day. The complaint then alleges:

"10. That as the result of Defendant's treatment of the said Doris Bates, he was negligent and careless in the said treatment of the said patient, and in the delivery of the fetus which she was carrying, in one or more of the following ways:

A. Defendant negligently and carelessly failed to give the said Doris Bates a complete examination on each of her visits to him in connection with the aforesaid referred to pregnancy.

B. Defendant negligently and carelessly failed to pay any attention to the information which the said Doris Bates gave Defendant in regards to her last menstrual cycle.

C. Defendant negligently and carelessly failed to have x-rays taken of Doris Bates to ascertain whether or not she had carried the baby or babies a normal gestation period.

D. Defendant negligently and carelessly ordered a Caesarean section on Doris Bates, without consulting with any other doctors or physicians to see if the said operation was advisable.

E. Defendant negligently and carelessly failed to determine whether or not Doris Bates was in labor or false labor prior to ordering a Caesarean operation on her.

F. Defendant negligently and carelessly failed to ascertain the term of pregnancy of the said Doris Bates.

G. Defendant negligently and carelessly ordered and performed a Caesarean operation on Doris Bates when the same was not advisable at that time.

H. Defendant negligently and carelessly ordered a Caesarean operation upon the said Doris Bates when she had carried the fetuses for a period of only six to seven months.

I. Defendant negligently and carelessly failed to calculate the date of pregnancy.

J. Defendant negligently and carelessly failed to check the size of Doris Bates' uterus on any of the occasions when he saw her in connection with the aforesaid referred to pregnancy.

K. Defendant negligently and carelessly failed to do an internal examination on Doris Bates on any of the occasions when he saw her in connection with the aforesaid referred to pregnancy.

L. Defendant negligently and carelessly failed to consider the possibility of multiple birth in connection with the said Doris Bates' pregnancy.

11. That as a result of one or more of the negligent and careless acts or omissions of Defendant Edward A. Ulrich, the said Robert Bates was born prematurely and as the result of said premature birth, he did languish and die on the said 18th day of March, 1970."

The complaint is not a model of clarity. It is repetitious and conclusionary in some instances. It does, however, by reasonably intelligent allegations, advise the defendant of the case plaintiff will endeavor to prove against him. (*Kita v. YMCA*, 47 Ill. App. 2d 409, 425, 198 N.E.2d 174.) A similar complaint was held to be sufficient to withstand a motion to dismiss in *Church v. Adler*, 350 Ill. App. 471, 113 N.E.2d 327.

Judgment reversed, cause remanded for further proceedings.

TRAPP, P. J., and CRAVEN, J., concur.