MAPLE INVESTMENT AND DEVELOPMENT CORPORATION, d/b/a Maple Realty Company, Plaintiff-Appellee, *v.* FRANK SKORE *et al.*, Defendants-Appellants.

Second District (1st Division)　No. 75-291

Opinion filed May 27, 1976.

John C. Friese, of Hickory Hills, for appellants.

Robert Heinze, of Palatine, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiff on March 12, 1975, obtained a confession judgment against the defendants. Upon receipt of the summons to confirm the judgment by confession, the defendants filed a special appearance and moved to vacate the judgment on the grounds that the payee of the note was Maple Realty Company whereas the plaintiff in this case is Maple Investment and Development Corporation, an Illinois Corporation, d/b/a Maple Realty Company, that no transfer of the note was shown and that, accordingly, the judgment is void. On May 6, 1975, the court denied the motion, granted the defendant leave to file a motion to open the judgment by confession within 15 days, stayed execution and ordered that all proceedings remain in statu quo pending the further order of the court. No further order or judgment of the trial court has been entered. The defendants appeal from the denial of their motion on May 22, 1975. We conclude that the order appealed from is not an appealable order and therefore dismiss the appeal.

■■ Supreme Court Rule 301 provides for appeal only from a final judgment and appellate courts, subject to statutory exceptions none of which are applicable here, are without jurisdiction to review judgments, orders or decrees which are not final. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371; *Keen v. Davis* (1969), 108 Ill. App. 2d 55, 246 N.E.2d 467.) To constitute a final, appealable order, the order must terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit. (*Goodrich v. City National Bank & Trust Co.* (1969), 113 Ill. App. 2d 471, 251 N.E.2d 548.) A "final order" for the purposes of appeal must terminate the litigation between the parties, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. (*Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371; *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673.) An order denying a petition to vacate a judgment but allowing the defendant 30 days to file an amended petition is not a final, appealable order. *Vosnos v. Wenzel* (1962), 35 Ill. App. 2d 390, 183 N.E.2d 193.

■■ The order appealed from is not a final order. It did not terminate the litigation between the parties. Not only did the court grant leave to file a motion to open the judgment by confession, but it stayed execution

and all proceedings in statu quo pending the further order of the court. Accordingly, the order is not appealable and we dismiss the appeal.

Appeal dismissed.

GUILD, P. J., and SEIDENFELD, J., concur.