Maria A. GILBERT and Rosita C. Gilbert, Plaintiffs-Appellants,

v.

BRANIFF INTERNATIONAL CORPORATION, Defendant-Appellee.

No. 77–1686.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 10, 1977.

Decided June 19, 1978.

Wayne B. Giampietro, Chicago, Ill., for plaintiffs-appellants.

William J. Rogers, Chicago, Ill., for defendant-appellee.

Before SWYGERT and PELL, Circuit Judges, and CAMPBELL, Senior District Judge.*

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. 49 U.S.C. § 1374(b) provides:
No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particu-

WILLIAM J. CAMPBELL, Senior District Judge.

We are called upon in this case to determine the effect of an order entered by the Circuit Court of Cook County, Illinois, striking and dismissing a cause of action with leave to amend the complaint within twenty-eight days. Our analysis of applicable Illinois law persuades us that the order is not a final order and that the district court therefore erred in concluding that plaintiffs' federal claim was barred.

Maria Angelica Gilbert and her daughter, Rosita, filed an action on June 6, 1975 in the Circuit Court of Cook County seeking recovery against the defendant for alleged wrongful conduct occurring in January, 1974 in connection with an airplane flight from Miami, Florida to Santiago, Chile. On July 14, 1975, upon motion of the defendant, the Circuit Court of Cook County ordered that:

". . . defendant's motion to strike and dismiss plaintiffs' cause of action be granted with plaintiffs being granted *28 days* in which to amend their complaint." [R. 19] (emphasis in original).

Rather than amending their complaint, plaintiffs filed this action in the United States District Court for the Northern District of Illinois under § 404(b) of the Federal Aviation Act, 49 U.S.C. § 1374(b).[1] It is conceded that plaintiffs' claim in both the Illinois court and the federal court was based on the same operative facts involving the same parties. The district court determined that the state court's order of dismissal was a final order barring any further adjudication of claims arising from the same factual basis. Accordingly, the district court entered summary judgment in favor of the defendant on the grounds of res judicata.

lar person, port, locality, or description of traffic in air transportation in any respect whatsoever or subject any particular person, port, locality, or description of traffic in air transportation to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

It is well settled that the doctrine of res judicata can be invoked to bar a subsequent claim only if the prior action was terminated by a final judgment. *See: Merriam v. Saalfield*, 241 U.S. 22, 28, 36 S.Ct. 477, 60 L.Ed. 868 (1916); *Premier Electrical Construction Co. v. Miller-Davis Co.*, 422 F.2d 1132 (7th Cir. 1970); *People v. Harkness*, 34 Ill.App.3d 1, 339 N.E.2d 545 (1975). Further, an order is considered final if it terminates the litigation between the parties to the suit, and finally determines, fixes, and disposes of their rights as to the issues made by the suit. *Peach v. Peach*, 73 Ill.App.2d 72, 78, 218 N.E.2d 504 (1966).

Illinois Supreme Court Rule 273, *Ill.Rev. Stat.*, ch. 110A, § 273 (S.H.A.1968) provides:

> Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.

In this case, it is clear that the Circuit Court of Cook County's order of dismissal resulted in an involuntary dismissal with respect to the plaintiffs, and must be considered a final order by operation of Supreme Court Rule 273 unless it can be demonstrated that the order specifies otherwise.

In determining whether a particular order is final, Illinois reviewing courts look to the substance of the order, rather than its technical form. *Browning v. Heritage Insurance Co.*, 20 Ill.App.3d 622, 314 N.E.2d 1 (1974); *Bates v. Ulrich*, 38 Ill. App.3d 203, 347 N.E.2d 286 (1976); *O'Fallon Development Co. v. City of O'Fallon*, 43 Ill.App.3d 348, 2 Ill.Dec. 6, 356 N.E.2d 1293 (1976); *Peach v. Peach, supra, Martin v. Masini*, 90 Ill.App.2d 348, 232 N.E.2d 770 (1967). So viewing the order involved in this case, we find that it lacks finality.

The very terms of the order itself, striking and dismissing the cause of action with leave to plaintiffs to file an amended complaint, reveals a lack of finality and indicates that there is yet something to be done in the case. Further, no costs were assessed—a factor considered to be important in determining the finality of an order in *Bates v. Ulrich, supra*, 347 N.E.2d at 288. Moreover, the defendant did not seek the entry of an order by the Circuit Court of Cook County dismissing the case with prejudice for failure of the plaintiffs to file an amended complaint, as is the apparent practice. *See: Campbell v. Harrison*, 16 Ill. App.3d 570, 306 N.E.2d 643 (1973); *Brainerd v. First Lake Co. Nat. Bank of Libertyville*, 1 Ill.App.3d 780, 275 N.E.2d 468 (1971). In light of these considerations, we view the order of dismissal with leave to amend the complaint as within the "otherwise specifies" exception of Rule 273, and, hence, conclude that the order is not a final order by operation of the Rule. *See: Stutzke v. Edwards*, 58 Ill.App.3d 832, 16 Ill.Dec. 296, 374 N.E.2d 1071 (No. 76–571, 1978); *Gray v. Starkey*, 41 Ill.App.3d 555, 353 N.E.2d 703 (1976).

Because the state court dismissal order was not a final adjudication on the merits of the cause of action by operation of Rule 273, res judicata could not properly be invoked to bar the subsequent filing in federal court of a complaint based on the same operative facts. Thus, the cases relied upon by the district court and urged by defendant here, *Hanson v. Hunt Oil Co.*, 505 F.2d 1237 (8th Cir. 1974) and *Lambert v. Conrad*, 536 F.2d 1183 (7th Cir. 1976), are inapposite because those cases involved prior final adjudications on the merits which were then raised to bar subsequent litigation under principles of res judicata. The instant case more closely resembles *Brainerd v. First Lake Co. Nat. Bank of Libertyville, supra*, 275 N.E.2d 468, where a complaint was dismissed for failure to state a cause of action and additional time was given to plaintiff to file an amended complaint. It was not the order of dismissal with leave to amend but rather the subsequent order of dismissal "with prejudice" when plaintiff failed to file an amended complaint that was held to be a final order by the operation of Rule 273. 275 N.E.2d at 469–470. Similarly in *Campbell v. Harrison, supra*, 306 N.E.2d 643, the court found that an order striking

a complaint with leave to plaintiff to file an amended complaint was not a final order but rather a subsequent order dismissing the case because the plaintiff did not file an amended complaint was a final, appealable order. 306 N.E.2d at 644–645.

Accordingly, for the reasons stated herein, the order of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

PELL, Circuit Judge, dissenting.

I fully agree with the majority that this case must be dismissed under principles of res judicata if the July 14, 1975, order of the Circuit Court of Cook County was or became a final order. Because I believe that plaintiffs' failure to amend their state court complaint within the 28 days granted by the order, or to seek leave to amend within the nearly three years that have since transpired, made the order a final one, I respectfully dissent.

Illinois Supreme Court Rule 273 does, of course, make it clear that an involuntary dismissal of an action on any ground other than the three specified therein (none of which apply here) operates as res judicata. Brainerd v. First Lake County National Bank of Libertyville, 1 Ill.App.3d 780, 275 N.E.2d 468, 470 (1971), on which the majority relies, points out, however, that

> [e]ven before the rule, a dismissal with an election to stand on the complaint was deemed a final, appealable order and a bar to future suits by the plaintiff against the same defendants arising out of the same transaction. [Citations omitted.]

Nothing in Rule 273 purports to undercut this common law rule, and I cannot conceive that the Illinois courts would not construe plaintiffs' apparently total inaction on their state court lawsuit as an election to stand on the complaint filed therein.

The authorities on which my brothers rely do not persuade me otherwise. See Bates v. Ulrich, 38 Ill.App.3d 203, 347 N.E.2d 286 (1976); Brainerd, supra; Campbell v. Harrison, 16 Ill.App.3d 570, 306 N.E.2d 643 (1973); Gray v. Starkey, 41 Ill. App.3d 555, 353 N.E.2d 703 (1976); Stutzke v. Edwards, 58 Ill.App.3d 832, 16 Ill.Dec. 296, 374 N.E.2d 1071, No. 76–571 (1978). Bates does say that a trial judge's award of costs is probative of his intent that the underlying order be final, because nonfinal orders do not create authority to award costs, but the case surely does not hold or even imply that the lack of an award of costs indicates nonfinality. Brainerd only holds that a dismissal of an action with prejudice for failure to amend within the time granted by an earlier order operates on the merits, not that the later nailing-down order is a prerequisite to finality and operation on the merits in circumstances such as are before us. Campbell, relying on Brainerd, says only that waiting for the forthcoming nailing-down order before filing a notice of appeal did not waive the right to appeal. Gray holds that a dismissal with leave to amend to correct an easily remedied technical deficiency is not a final judgment. There is, of course, no suggestion that the dismissal herein was of that nature.

Stutzke does contain some language which might appear to support the rule articulated by the majority, but I think the language unfortunate dicta and the case clearly non-dispositive. First, the dismissal in Stutzke was merely of two counts of a complaint, not of the whole complaint and certainly not of the action. As the court properly noted, Illinois Supreme Court Rule 273 thus did not apply at all, quite unlike this case. Second, while the court indicated that a trial court has discretion to allow amendment after the time specified in a dismissal order, it noted that there was authority both ways as to whether it would be an abuse of that discretion to grant leave 52 days after the granted time had expired. I have no doubt what the court would have thought about an attempt to revive an abandoned action three years later. Finally, Stutzke placed primary reliance on Maple Investment and Development Corporation v. Skore, 38 Ill.App.3d 654, 348 N.E.2d 498 (1976), which involved

the totally inapposite holding that a denial of a motion to vacate a judgment with leave to file a motion to open the judgment, which denial *also ordered a stay of execution and further proceedings until further order of the court (no further order having ever been entered)*, did not terminate the litigation and was thus not a final judgment. The *Stutzke* court specifically emphasized the statement in *Maple Investment* that an order denying a petition to vacate a judgment but allowing 30 days to file an amended petition was not a final, appealable order. For this point, *Maple Investment* cited *Vosnos v. Wenzel*, 35 Ill. App.2d 390, 183 N.E.2d 193 (1962), which involved an *attempt to appeal during the 30-day leave period*.

I simply do not believe that the Illinois courts would regard the order involved here as anything but final at this point, and I would accordingly affirm the judgment of the district court.