**Nancy HARL, d/b/a Public House, Plaintiff,**

v.

**CITY OF LaSALLE and Mayor Aloysius A. Gunia, Liquor Commissioner, Defendants.**

**No. 80 C 4905.**

United States District Court, N. D. Illinois, E. D.

Dec. 24, 1980.

Gerald M. Hunter, Oglesby, Ill., for plaintiff.

William Swindal, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, Nancy Harl ("Harl"), brought this action against defendants, City of LaSalle ("LaSalle") and Aloysius Gunia ("Gunia"), the mayor and liquor commissioner of LaSalle, alleging that revocation of her liquor license by the defendants violated state and federal law. Federal jurisdiction is asserted pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343.

On January 21, 1980, Harl filed a complaint against LaSalle and Gunia in LaSalle County Circuit Court. Defendants moved for dismissal of the complaint and on July 10, 1980, Chief Judge Flood granted their motion, but allowed Harl leave to amend her complaint by August 15, 1980. Harl failed to amend her complaint in the alloted time period, and the Court, on its own motion, entered an order dismissing her complaint on September 3, 1980.[1] Harl initiated this federal action thereafter.[2] The matter is presently before this Court on defendants' motion to dismiss on the ground of res judicata.[3]

Examination of Harl's state and federal complaints reveal that they are strikingly similar. The federal complaint varies from the state complaint in three respects: the federal complaint alleges violations of 42 U.S.C. § 1983, denial of a hearing, and failure to receive written notice of Gunia's unfavorable decision on Harl's right to appeal.

In their motion to dismiss, defendants contend that since Judge Flood's September 3 dismissal of Harl's complaint for failure to timely amend her complaint was a final order, it precludes Harl's federal action on the basis of res judicata and full faith and credit. Harl, in turn, claims that Judge Flood's order was not final; hence, res judicata and full faith and credit do not apply.

Illinois Supreme Court Rule 273 provides:

Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication *on the merits.* (Emphasis added).

Ill.Rev.Stat.1977, ch. 110A, § 273. The Seventh Circuit recently construed Rule 273 in *Gilbert v. Braniff International Corporation,* 579 F.2d 411 (7th Cir. 1978). In *Gilbert,* plaintiffs originally brought suit in the Circuit Court of Cook County. The state court granted defendant's motion to dismiss, with leave given to amend the complaint within 28 days. *Id.* at 412. Rather than amend their state complaint, the *Gilbert* plaintiffs filed an action in the United States District Court based on the same operative facts and involving the same parties as the state suit. Because the state court granted plaintiffs leave to amend and the defendant did not seek the entry of an order dismissing the cause with prejudice, the Seventh Circuit held that the order of dismissal with leave to amend fell within the "otherwise specifies" exception to Illinois Supreme Court Rule 273. *Id.* at 413. Unlike *Gilbert,* Harl's complaint was not merely dismissed with leave to amend. In fact, the *Gilbert* court specifically distin-

---

1. Judge Flood's September 3, 1980, Order read as follows:

   This matter coming on court's own motion and it appearing that an order of dismissal having been entered on July 10, 1980, and plaintiff not having filed additional pleadings within time allowed by that order.
   It is ordered that the order of July 10, 1980, dismissing said suit is confirmed.

2. Harl's federal complaint was filed on September 12, 1980.

3. Defendants also moved for dismissal on the basis of the Illinois Tort Immunity Act, Ill.Rev. Stat. ch. 85, § 1–101 *et seq.* and for failure to exhaust administrative remedies. Because of the holding of this Court on the res judicata issue, it is unnecessary to address these other asserted bases for dismissal.

guished an open-ended "order of dismissal with leave to amend" from an order of dismissal after a failure to amend; the court noting that the latter operated as a final order under Rule 273, *id.*, citing *Brainerd v. First Lake Co. National Bank of Libertyville*, 1 Ill.App.3d 780, 275 N.E.2d 468 (2d Dist. 1971).

In *Brainerd*, the Illinois Appellate Court construed Rule 273 in a factual setting nearly identical to the present suit. There, the complaint was dismissed, but plaintiff was granted leave to amend. When the *Brainerd* plaintiff failed to amend as directed, the trial court dismissed his cause "with prejudice." 1 Ill.App.3d at 782, 275 N.E.2d at 469. *Brainerd* then initiated a second action based on the same facts. The trial court ruled that res judicata barred his claim. The Illinois Appellate Court held that the dismissal caused by Brainerd's failure to amend barred his second suit because the judgment order "with prejudice" did not fall within the Rule 273 exceptions and thus operated as an adjudication upon the

merits of the case. *Id.* at 782, 275 N.E.2d at 469–70.

■ The only distinction between *Brainerd* and the instant case is that Judge Flood did not use the phrase "with prejudice" in his September 3 Order dismissing Harl's complaint. This distinction, however, is insignificant. Rule 273 clearly requires that since Harl's state court complaint was not dismissed for lack of jurisdiction, improper venue or failure to join an indispensable party,[4] the order of dismissal operates as an adjudication on the merits, unless otherwise specified.[5] Judge Flood did not "otherwise specify," and thus, by operation of Rule 273, a decision was rendered on the merits, regardless of his failure to use the words "with prejudice."[6] *See Campbell v. Harrison*, 16 Ill.App.3d 570, 306 N.E.2d 643 (1st Dist. 1973).

The cases cited by plaintiff are inapplicable since they involve situations where trial courts dismissed cases with leave to amend

---

4. The grounds for defendants' state court motion to dismiss were failure to state a cause of action, failure to allege exhaustion of administrative remedies, preclusion under the Illinois Tort Immunity Act, and failure to provide proper statutory notice to the municipality. No claim was raised regarding jurisdiction, venue, or failure to join an indispensable party.

5. Rule 273 is based to a great extent on Rule 41(b) of the Federal Rules of Civil Procedure. As the commentary to Rule 273 states:

> [Rule 273] is based upon Rule 41 of the Federal Rules of Civil Procedure and sets to rest the question of the effect of an involuntary dismissal other than those excepted by the rule. (Citation omitted).

Ill.Rev.Stat.Ann. ch. 110A, § 273, at 281.
Because Rule 273 is modeled after Fed.R.Civ.P. 41(b), the case law construing Rule 41(b) provides helpful guidance. In *Pearson v. Dennison*, 353 F.2d 24 (9th Cir. 1965), the Court examined the significance of a district court order dismissing an action for failure of plaintiffs to prosecute under the provision of Rule 41(b). The *Pearson* court noted that "[t]he order does not recite that the dismissal is 'without prejudice,' or words to that effect. Hence, it operates as an adjudication on the merits. [Rule 41(b)]" *Id.* at 27, similar view of Rule 41(b) was expressed by the Seventh Circuit in *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971), where the court held that the order of a district court dismissing a complaint for failure

to state a claim, but which failed to specify that the dismissal was without prejudice, was to be given res judicata effect. The court went on to note that a plaintiff must either persuade the original trial court to include a specification that the dismissal was without prejudice or to permit an amendment. *Id.* If plaintiff is unsuccessful in this attempt, the court noted, his recourse is to appeal. *See also Miller v. Standard Oil Co.*, 104 F.Supp. 946, 948–949 (N.D.Ill. 1952).

6. Because Rule 273 is clear as to those orders of involuntary dismissal that operate as adjudications on the merits, out of court statements by the trial judge expressing his purposes in issuing an order are entirely irrelevant. This issue arises due to plaintiff's filing of an affidavit by Judge Flood. In his affidavit, Judge Flood states, inter alia, "[t]hat the Order of Dismissal entered by the Affiant on September 3, 1980, [sic] issued without notice to either party, upon the Court's own Motion, and further, was not based upon the merits of Plaintiff's cause of action." This statement, filed in affidavit form in a federal cause of action, can have no bearing on the effect of the clear language of Judge Flood's order in the state court proceeding. The meaning of Judge Flood's unambiguous order of September 3 is to be found in the order itself, not in a self serving affidavit filed by one of the parties in a related federal court action.

without issuing any further order. As noted above, although Judge Flood's order of July 10 granted plaintiff leave to amend until August 15, his September 3 order provided Harl with no further leave to amend.[7]

The second and more difficult question raised by defendants' motion is whether matters not raised in the dismissed state complaint also are barred by res judicata. The only material differences between Harl's federal and state complaints is that her federal action is brought pursuant to 42 U.S.C. § 1983 and includes allegations regarding certain hearing demands and notice requirements. It is undisputed, however, that these new claims arise out of the same set of operative facts that formed the basis for Harl's state court action.

While it is clear that Harl could easily have raised the notice and hearing claims, along with the numerous other due process allegations raised in state court, it was unclear, until recently, whether she could have raised her § 1983 claim in the state court proceeding as well. In *Martinez v. California*, 444 U.S. 277, 283 n.7, 100 S.Ct. 553, 558 n.7, 62 L.Ed.2d 481 (1980), however, the Supreme Court held that state courts could exercise jurisdiction over § 1983 claims.[8] Because the Supreme Court has construed § 1983 to permit state court jurisdiction and because the Illinois Appellate Court has held that Illinois courts may hear such actions, *see Bohacs v. Reid*, 63 Ill.App.3d 477, 20 Ill.Dec. 304, 379 N.E.2d 1372 (2d Dist. 1978); *Alberty v. Daniel*, 25 Ill.App.3d 291, 323 N.E.2d 110 (1st Dist. 1974), it is apparent that Harl could have raised her § 1983 claim, as well as her other factual allegations, in her state court complaint.

It is well settled that a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, —— U.S. ——, ——, 101 S.Ct. 411, 413, 66 L.Ed.2d 308 (1980); *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876); *Lambert v. Conrad*, 536 F.2d 1183, 1185 (7th Cir. 1976). It is unsettled, however, whether this long-standing and broad based res judicata doctrine applies to cases brought under § 1983. In a recent decision bearing directly on this question, the Supreme Court held that the rules of res judicata and collateral estoppel are generally applicable to § 1983 actions. *Allen v. McCurry*, —— U.S. ——, 101 S.Ct. 411, 66 L.Ed.2d 308. In so holding, the Court based its decision on the legislative history of § 1983 and the strong policy considerations central to the doctrines of res judicata, collateral estoppel and federalism.

The Court noted that § 1983 created a new cause of action in order to add to the jurisdiction of the federal courts, not to subtract from that of state courts. *Id.* —— U.S. at ——, 101 S.Ct. at 415. Moreover, the Court found that "nothing in the language or legislative history of § 1983 remotely expresses any congressional intent to contravene the common law rules of preclusion or to repeal the express statutory

---

**7.** Harl cites additional decisions in support of her theory, but they, too, are distinguishable. In *Browning v. Heritage Insurance Company*, 20 Ill.App.3d 622, 314 N.E.2d 1 (2d Dist. 1974), the trial court did not dismiss the plaintiff's suit. It simply granted defendants' motion to strike certain counts. Because there remained additional counts still to be tried, it was obvious the trial court's order did not dispose of the rights of the parties upon the merits of the entire controversy.

In *Bates v. Ulrich*, 38 Ill.App.3d 203, 347 N.E.2d 286 (4th Dist. 1976), also cited by Harl, the trial court twice allowed plaintiff to amend his complaint. After reviewing the order dismissing the second amended complaint, the appellate court noted that "a general dismissal with no right given to plead over, and followed by no

request for leave to plead over is a final, appealable order." *Id.* at 204, 347 N.E.2d at 288.

**8.** More recently, the Supreme Court reaffirmed this position in *Maine v. Thiboutot*, 448 U.S. 1, 3 n. 1, 100 S.Ct. 2502, 2503 n.1, 65 L.Ed.2d 555, 558 (1980), stating:

Petitioners also argue that jurisdiction to hear § 1981 claims rests exclusively with the federal courts. Any doubt that state courts may also entertain such actions was dispelled by *Martinez v. California* (citations omitted). There, while reserving the question whether state courts are *obligated* to entertain § 1983 actions, we held that Congress has not barred them from doing so. (Emphasis in original).

requirements of the predecessor of 28 U.S.C. § 1738 . . . [nor does it say anything] about the preclusive effect of state-court judgments." *Id.* These factors take on added significance when viewed in light of the important concerns upon which the doctrines of res judicata and collateral estoppel are based. These doctrines not only reduce the burden of multiple lawsuits and unnecessary litigation while fostering reliance on adjudication, but also promote the comity between the state and federal courts that has been at the foundation of our judicial system since the days of the founding fathers. *See Allen v. McCurry,* —— U.S. ——, ——, 101 S.Ct. 411, 415, 66 L.Ed.2d 308; *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Younger v. Harris,* 401 U.S. 37, 43–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971).

Although the Supreme Court specifically has declined to rule upon whether a § 1983 claimant is precluded from litigating in federal court those issues that he might have raised but did not raise in previous litigation, *Allen,* —— U.S. at —— n.5, 101 S.Ct. at 415 n.5, that is the issue that now faces this Court. In light of the persuasive reasoning articulated by the Supreme Court in *Allen,* as summarized above, and the particular factual context in which the instant case arises, this Court is convinced that plaintiff should be precluded from relitigating her claims against defendants in a federal forum.

Because the court's decision rests primarily on the procedural history of this case, the facts bear repetition. Unlike the *Allen* case and the majority of cases where res judicata affects § 1983 claimants, the plaintiff in this action was not brought into state court on an involuntary basis. Unlike a criminal defendant, who later raises one of his state court defenses as an affirmative cause of action under § 1983, Harl chose to invoke the jurisdiction of the Illinois state court to prosecute her federal and state law claims. The defendants accepted Harl's choice of forum and responded to her complaint by filing a detailed and comprehensive motion to dismiss. Defendants also filed a thorough memorandum of law in support of their motion, along with two affidavits in support thereof. In every respect, defendants moved expeditiously to respond to the claims included in Harl's six-count complaint. Harl chose not to respond in writing to defendants' motion. After hearing oral arguments by the parties, the state court granted defendants' motion but gave Harl leave to her complaint within 35 days. When Harl failed to amend within 35 days, the court, on its own motion, entered an order dismissing Harl's complaint. One week later, Harl instituted her federal court action against the same defendants, based on the same set of operative facts alleged in her state court complaint. The point of this reiteration of facts is to underscore the obvious: Although the doors of the federal court were open to her, Harl selected the state court forum. Moreover, Harl does not assert that she was not provided a full and fair opportunity to litigate her claim in that setting.[9] Indeed, Harl's only quarrel with

---

**9.** This factor distinguishes the instant case from that presented in *Bickham v. Lashof,* 620 F.2d 1238 (7th Cir. 1980). In *Bickham,* a physician brought an action against the director of the Illinois Department of Public Health ("Lashof") challenging the constitutionality of the Illinois Ambulatory Surgical Treatment Center Act, Ill.Rev.Stat. ch. 111½, § 157–8.1 *et seq.* (1977). Prior to the filing of the federal court action, Lashof had initiated a suit against Bickham in state court, seeking an injunction and temporary restraining order prohibiting Bickham from performing certain procedures until his facility was licensed under the challenged Act. Without articulating its reasons, the state court held the Act to be constitutional and issued the injunction. Bickham then filed a § 1983 action in federal court alleging that the Act violated the Due Process Clause and Equal Protection Clause of the Constitution. In the federal action, Lashof's motion to dismiss was granted by the trial court, but that decision was reversed by the Seventh Circuit. In so doing, the appellate court noted that the Supreme Court had not decided how the principles of res judicata and collateral estoppel applied to § 1983 actions (a problem now cured by the *Allen* decision), and held, quoting from *Butler v. Stover Brothers Trucking Co.,* 546 F.2d 544, 551 (7th Cir. 1977), that "[T]he doctrine of collateral estoppel will not be applied unless it appears that the party against whom the estop-

the state court proceeding is that she lost there. Only after her loss in state court did she begin shopping for another forum.

This dismissal of Harl's complaint on the basis of res judicata will not unfairly keep her from litigating her claims. Harl could have amended her state court complaint within the time allotted by Judge Flood and she could have added therein the claims that now appear in her federal court complaint. After the second dismissal order was entered, she could have moved to have that order vacated; that failing, her remedy was to appeal her dismissal.

In two cases with strikingly similar fact situations, courts have reached the same conclusion. In *Spence v. Latting*, 512 F.2d 93 (10th Cir. 1975), plaintiff brought suit against parties in federal court whom he had sued previously in state court, based upon the same set of operative facts. The only difference was that plaintiff changed his theory and request for relief in the latter action, raising § 1983 for the first time. 512 F.2d at 98. The court held that plaintiff's § 1983 claim was barred by res judicata even though he had not raised § 1983 in his previous suit, concluding that,

> The federal court house doors were initially open to him; but he deliberately chose the state forum. Allowing him now to bring claims in the federal court which were appurtenant to the core of his cause of action in prior state court suits would work a disservice to the salutary policies underlying res judicata.

*Id.* at 99.

Similarly, in *Tomsick v. Jones*, 464 F.Supp. 371 (D.Colo.1979), plaintiff brought an action in state court alleging that he was dismissed from his job for exercising protected first amendment rights. The state trial court, however, ruled against him, concluding that he was discharged for other reasons. Tomsick changed his theory and

filed an action in federal court under § 1983, but alleging the same constitutional violations. The district court found that while plaintiff's federal complaint did have some technical differences from his state court action, it raised the same issues as were adjudicated by the state court and thus was barred by res judicata. *Id.* at 374.

In summary, since the September 3, 1980, order entered by Chief Judge Flood against Harl in her state court action was a final judgment on the merits, and since Harl could have, but did not, raise § 1983 along with her hearing and her notice claims in the state court action that she initiated, she is now barred by res judicata from attempting to litigate these claims in federal court. Accordingly, defendants' motion to dismiss plaintiff's complaint is granted.

pel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and that application of the doctrine will not result in an injustice under the particular circumstances of the case." 620 F.2d at 1246. In *Bickham*, the plaintiff argued that he had not been given an opportunity for a meaningful

hearing in state court, and the court held that the record supported plaintiff's argument. *Id.* In the instant case, plaintiff has not argued that she did not receive a meaningful hearing in state court or that the state court proceeding worked an injustice upon her.